171 So.2d 259

**Ex parte Jessie G. ARGO.**

**6 Div. 94.**

Court of Appeals of Alabama.

Jan. 26, 1965.

Jessie G. Argo, pro se.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for respondent.

CATES, Judge.

This is an original petition for writ of mandamus for an order "directing said court [the Jefferson Circuit Court] to render a decision on petitioner's motions."

These motions pending relate to funds (1) to pay (a) "expenses to defense witnesses from Houston, Texas," and (b) funds for court appointed counsel "to travel and gather evidence material to defense"; (2) to make a handwriting expert available to defense"; and (3) an amendment to (1) (a) and (b).

■ From the grounds to support the petition's prayer, we cannot say that denial of these motions would or would not deprive an assumedly indigent defendant of a constitutional right to witnesses in his behalf.

In passing, we note that Croesus himself could have enjoyed no greater "right" to *compulsory* attendance of a witness from outside the State than can the least of Job's turkeys.

Moreover, we are advised that Argo's court appointed counsel and the solicitor have propounded interrogatories and cross interrogatories to various witnesses in Houston. Also, we are informed that the expense of the commissioner of oaths has in each instance been defrayed from the Solicitor's Fund of Jefferson County. We commend this practice where needed to further a valid defense.

The Attorney General has moved to strike the petition on the assumption that this request is an attempt to rehash the appeal in Argo v. State, ante p. 454, 168 So. 2d 19.

However, we have been given to understand that the motions of instant concern are in relation to another and different indictment which is due to be tried March 8, 1965, or as soon thereafter as the matter can be reached. Hence, the Attorney General's motion is not well taken.

There is no interstate compact to bring witnesses across state lines. Hence, the use of written depositions by the defendant is the most that can be expected. Nor is there any compulsion in each and every case to order payment of the foreign commissioner. Mandamus does not dictate where a choice lies—as it did here.

Petitioner's own allegations show that the circuit judge had the occasion of an honest exercise of discretion. The question of the frivolity or feasibility of locating and interviewing the Texas witnesses was manifestly not ministerial. Certainly, without a showing from the court appointed counsel and from the circuit judge, we cannot consider the question to their exclusion.

■ So far as the need of a handwriting expert might exist, here, too, not only should defense counsel have been consulted as well as the circuit judge, but also, before there could even have been a threshhold question of due process or equal protection, there should be a showing as to the availability or nonavailability of the State toxicologist. See Code 1940, T. 14, §§ 387–390.

■ To issue mandamus there must be credible allegations, ironclad in nature, showing that the respondent is, by law, bound to do no other than that which is sought to be commanded.

Motion of Attorney General to strike is denied. Petition for writ denied.