William Linzy was convicted of theft in the first degree by a Montgomery County jury. He was sentenced to life imprisonment under the Alabama Habitual Felony Offenders Act, § 13A-5-9, Code of Alabama 1975. Linzy raises three issues on appeal.
 I
Appellant claims error in the trial court's refusal to give a requested jury instruction regarding reasonable doubt arising from lack of evidence. Linzy's requested charge number three states, "I charge you that reasonable doubt can arise from a lack of evidence as well as conflicting evidence."
Alabama follows the general rule that a trial court's refusal to give requested jury instructions does not constitute reversible error when the principle covered by the requested charge was substantially and fairly covered in the trial court's instructions to the jury. King v. State, 356 So.2d 1220
(Ala. 1978); Shields v. State, 397 So.2d 184 (Ala.Crim.App.), writ denied, Ex parte Shields, 397 So.2d 189 (Ala. 1981). Ala. Digest Key No. 829 (18).
The trial court substantially and fairly instructed the jury as to reasonable doubt. For this reason, failure to give the requested charge is not reversible error.
 II
Linzy further contends that the trial court erred in failing to give his requested jury instructions regarding his failure to testify at trial. Appellant's requested instructions nine and ten, stated:
 "I charge you that the defendant did not testify in this case but this is his absolute right and privilege. You may not speculate on his reasons for failing to testify and you are not to draw any inference against him because he did not take the witness stand."
 "The court instructs the jury that the fact that the defendant did not take the witness stand cannot be considered by you for any purpose and no inference whatsoever can be drawn against the defendant by reason of his failure to take the stand. The law gives every person charged with a crime the absolute and unqualified privilege of not testifying and the law further requires that no inference can be drawn by reason of such failure. The burden of proving a defendant guilty beyond a reasonable doubt is solely upon the State."
The record on appeal reveals a colloquy between the trial court and defense counsel out of the presence of the jury following the oral charge in which express reference to the omission was made, but no objection was made and no error preserved.
 "THE COURT: I will charge as to one thing I did not. I did not charge them about his failure to testify. Do you want me to charge them as to that?
"MR. JOHNSON: I have got it in there.
"THE COURT: So you withdraw nine and ten?
 "MR. JOHNSON: The first three or four on there I believe are correct statements. I believe it is number three about the reasonable doubt that arises from a lack of evidence. I think in this case there was a lack of evidence.
"THE COURT: Any others?
"MR. JOHNSON: No, sir.
 "THE COURT: I feel like I have covered it. I am going to deny that."
(emphasis supplied) *Page 262 
Nothing further regarding the instructions was said. This exchange reveals ample opportunity for appellant's counsel to lodge any objections he had regarding the trial court's refusal to instruct the jury on Linzy's failure to testify. This court may consider only those issues preserved in the record. "In the absence of a ruling, a request for a ruling or an objection to the court's failure to rule, there is nothing preserved for appellate review." Stewart v. State, 398 So.2d 369, 374
(Ala.Crim.App.), writ denied, Ex parte Stewart, 398 So.2d 376
(Ala. 1981). Appellant's failure to object removes the subject from our consideration.
 III
Appellant Linzy asserts finally that the trial court erred in allowing the case to go to the jury. He contends that the circumstantial nature of the state's case was insufficient to present a jury question and that the court erred in denying his motions for acquittal at the end of the state's case and following the verdict of the jury.
The argument that circumstantial evidence is inferior to direct evidence has been laid to rest. Graham v. State,374 So.2d 929 (Ala.Crim.App.), writ quashed, 374 So.2d 942 (Ala. 1979). The mere fact that evidence is of a circumstantial nature does not make it deficient. "Circumstantial evidence is entitled to the same weight that direct evidence is entitled to provided that it points to the guilt of the accused." Mains v.State, 375 So.2d 1299 (Ala.Crim.App. 1979); Cummings v. State,356 So.2d 779 (Ala.Crim.App. 1978); McCay v. State,343 So.2d 577 (Ala.Crim.App. 1977).
The standard of review in determining sufficiency of evidence is whether evidence existed at the time appellant's motion for acquittal was made, from which the jury could by fair inference find the accused guilty. Stewart v. State, 350 So.2d 764
(Ala.Crim.App. 1977); Hayes v. State, 395 So.2d 127
(Ala.Crim.App.), writ denied, Ex parte Hayes, 395 So.2d 150
(Ala. 1981). Stated differently, the test is "whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every reasonable hypothesis, but whether a jury might reasonably so conclude." Cumbo v. State,368 So.2d 871 (Ala.Crim.App. 1978), cert. denied, 368 So.2d 877 (Ala. 1979); United States v. Black, 497 F.2d 1039 (5th Cir. 1974);United States v. McGlamory, 441 F.2d 130 (5th Cir. 1971). In deciding this issue, we are required to view the evidence presented in the light most favorable to the state. Hayes,supra; Bass v. State, 55 Ala. App. 88, 313 So.2d 208 (1975).
"Whether circumstantial evidence tending to connect the defendant with the crime excludes, to a moral certainty, every other reasonable hypothesis than that of the defendant's guilt is a question for the jury and not the court." Cumbo, supra;Cannon v. State, 17 Ala. App. 82, 81 So. 860 (1919). Our function is not to be factfinders, however tempting that may sometimes be. We must not substitute ourselves for jurors, nor play their role in the criminal process. Jury verdicts should not be disturbed unless they are not based upon evidence sufficient to meet the test set out above.
Upon review of the record, we find that sufficient evidence existed from which the jury might have reasonably excluded every reasonable hypothesis other than that of the defendant's guilt. The judgment is due to be, and it hereby is, affirmed.
AFFIRMED.
All the Judges concur. *Page 263