John Maso McNeill was convicted for the capital murder-robbery of Estell L. Samuels and sentenced to life imprisonment without the possibility of parole.
The trial judge improperly refused to instruct the jury that manslaughter was a lesser included offense of the capital murder charged in the indictment. McNeill argues that there was sufficient evidence of his intoxication at the time of the homicide to furnish a reasonable theory that he did not have the intent necessary to commit *Page 109 
intentional murder and was only guilty of manslaughter.
At trial, there was testimony that McNeill was intoxicated when the crime occurred, as evidenced by the comment of the trial judge at the sentencing hearing: "It really was the Court's feeling throughout this case that this man was truly drunk. I don't know. It seemed to me that he was drunk as a — well, plenty drunk, either liquor or T's and blues or any junk that they picked up. They seemed to be at it all day."
The trial judge refused to charge the jury on manslaughter because intoxication "didn't fit" the manslaughter statute.
The trial judge instructed the jury on the offense of the capital murder-robbery charged in the indictment and specifically charged, "If you feel that there was an inability to form an intent, then, of course, that being one of the essential elements of this capital offense, there can be no finding of guilt." He also charged on the lesser included offenses of felony-murder, intentional murder, and robbery and on the defense of intoxication.
Defense counsel specifically objected to the court's "failure to give requested charge No. 21, which calls for the lesser included offense of manslaughter."
The failure of the trial court to give the requested instruction on manslaughter was error. "When the crime charged involves a specific intent, such as murder, and there is evidence of intoxication, the trial judge should instruct the jury on the lesser included offense of manslaughter." Gray v.State, 482 So.2d 1318, 1319 (Ala.Cr.App. 1985). "No matter how strongly the facts may suggest that appellant was not so intoxicated at the time he committed the offense that he was incapable of forming the necessary specific intent, the jury should have been instructed on manslaughter as a lesser included offense since there was a `reasonable theory from the evidence which would support the position.'" Crosslin v. State,446 So.2d 675, 682 (Ala.Cr.App. 1983).
The judgment of the circuit court is reversed and this cause is remanded for further proceedings.
REVERSED AND REMANDED.
All Judges concur.