McMILLAN, Judge.
The appellant was convicted of a murder in violation of § 13A-6-2, Code of Alabama (1975), and was sentenced to life imprisonment pursuant to the Habitual Felony Offender Act.
The appellant argues that the trial court erred in refusing to charge on the lesser-included offense of manslaughter. The judge stated during his oral charge to the jury:
“Now voluntary intoxication is not a defense to a criminal charge, but the evidence of intoxication is admissible and considered relevant for the purposes of negating in any element of the offense. In this case it would be your duty to examine this evidence and see whether or not he was so intoxicated that he could not form an intent to kill.”
The defense counsel objected after the trial judge concluded his oral charge, stating, “I believe the law is if there is evidence of intoxication the jury has to be charged that they may find manslaughter, the lesser charge of manslaughter.” The trial court responded that he did not believe that the evidence was sufficient to support a charge of manslaughter, rather that a verdict should be returned either of murder or of not guilty.
However, there is evidence in the record indicating that the appellant was intoxicated when he shot the victim. Bill Treada-way, an investigator with the City of Andalusia Police Department, testified that at approximately 3:00 a.m., the murder having occurred around midnight, he arrested the appellant at his girl friend’s house. Tread-away testified that he found the appellant asleep. He also testified that the appellant had to be shaken several times in order to awaken him. Treadaway also testified that in his opinion the appellant was intoxicated.
Jimmy Lee Lane testified that he was with the appellant on the morning before the shooting and that the appellant was drinking whiskey. He further testified that the appellant continued to drink during the day and was still drinking just prior to the murder. He testified that the appellant appeared to be “severely drunk.”
Ester Jo Redman testified that the appellant appeared to be “highly intoxicated” at the time of the shooting.
Sue Anna Cawthon testified that she observed the appellant drinking whiskey during the afternoon and that the appellant appeared drunk around midnight. She further stated that the appellant was still drunk when the investigators came to arrest him.
Raymond Cawthon also testified that the appellant appeared to be very drunk at the time of the shooting.
Jimmy Marshall testified that the appellant appeared to be “very drunk” when he observed him just after the shooting. He further stated that the appellant was still drinking.
Mary Marshall and Edna Lane also verified the appellant’s state of intoxication.
“A lesser-included offense instruction should be given if ‘there is any reasonable theory from the evidence which would support the position.’ Hopper v. Evans, 456 U.S. 605, 102 S.Ct. 2049, 72 L.Ed.2d 367 (1982); Chavers v. State, 361 So.2d 1106 (1978); Fulghum v. State, 291 Ala. 71, 75, 277 So.2d 886, 890 (1973). Our decisions are to the effect that ‘Every prisoner at the bar is entitled to have charges given, which, without being misleading, correctly [state] the *240 law of his case and are supported by any evidence, however weak, insufficient, or doubtful in incredibility.’ (Emphasis added [in Crosslin ].) Gibson v. State, 89 Ala. 121, 8 So. 98 (1889). See also Burns v. State, 229 Ala. 68, 155 So. 561 (1934).”
Crosslin v. State, 446 So.2d 675, 682 (Ala.Cr.App.1983).
“When the crime charged involves a specific intent, such as murder, and there is evidence of intoxication, the trial judge should instruct the jury on the lesser-included offense of manslaughter. Chatham v. State, 92 Ala. 47, 9 So. 607 (1891).” Gray v. State, 482 So.2d 1318, 1319 (Ala.Cr.App.1985). See also Matkins v. State, 497 So.2d 194 (Ala.Cr.App.1985), affirmed, 497 So.2d 201 (Ala.1986).
“ ‘When the offense consists of an act committed with the particular intent,— when a specific intent is of the essence of the crime, — drunkeness, as affecting the mental state and condition of the accused, becomes a proper subject to be considered by the jury in deciding the question of intent.... In Swan v. State, 4 Humph. 136, it is said: “Although drunkenness, in point of law, constitutes no excuse or justification for crime, still, when the nature and essence of a crime is made by law to depend upon the peculiar state and condition of the criminal’s mind at the time, and with reference to the act done, drunkenness, as a matter of fact, affecting such state and condition of the mind, is a proper subject for consideration and inquiry by the jury. The question in such cases is, what is the mental status? ” The decided weight of authority sustains the doctrine that evidence of the condition of the accused, though caused by voluntary drunkenness is receivable, and may be considered by the jury in determining the question of intent. [Citations omitted.] ... There being some testimony tending to show that defendant was drunk, he had a right to have the jury pass upon its credibility and sufficiency to prove that he was so drunk as to be incapable of forming the specific intent....’ ”
Silvey v. State, 485 So.2d 790, 792-93 (Ala.Cr.App.1986), quoting Chatham v. State, 92 Ala. 47, 48-49, 9 So. 607, 607-08 (1891). This court in Silvey further quoted the language in Phelps v. State, 435 So.2d 158, 163 (Ala.Cr.App.1983), in noting that the best practice is for trial courts to charge on all the degrees of homicide included in the indictment “when a party is on trial for murder, unless it is perfectly clear to the judicial mind that there is no evidence tending to bring the offense within some particular degree.” Phelps v. State, at 163. The failure of the trial court in this case to give the requested instruction on manslaughter was error. McNeill v. State, 496 So.2d 108, 109 (Ala.Cr.App.1986).
REVERSED AND REMANDED.
All the Judges concur.