I dissent from the result reached in the majority opinion for two reasons.
First, I think the majority is wrong in concluding that the "white" appellant does not have standing to assert that the State improperly used its peremptory strikes to remove black persons from the jury panel. I continue to adhere to the principle expressed in my dissent in Gordon v. State,587 So.2d 427 (Ala.Cr.App. 1990), that, under state law, a white defendant has standing to raise a Batson objection. The position of the majority is illogical. It makes no sense to hold that racial discrimination in the selection of a jury will not be tolerated where the defendant is black but will not even be questioned where the defendant is white.
Second, there was evidence that the defendant was intoxicated. The evidence of the degree of the defendant's intoxication was conflicting. Therefore, the defendant was entitled to a jury charge on intoxication. McNeill v. State,496 So.2d 108, 109 (Ala.Cr.App. 1986). In relying on one officer's testimony that the defendant did not appear to be intoxicated, the majority has made a credibility choice and has invaded the exclusive province of the jury. *Page 963