Donald Lewis Owen was convicted of capital murder and was sentenced to a term of life in the state penitentiary without the possibility of parole. The Court of Criminal Appeals affirmed Owen's conviction, 586 So.2d 958, and we issued the writ of certiorari to review that court's holding that Owen, who is white, lacked standing to contest the State's use of its peremptory strikes to eliminate black venirepersons from the trial jury.
While Owen's case was on certiorari review in this Court, the United States Supreme Court decided Powers v. Ohio, ___ U.S. ___, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991). In Powers, the Court held that a white criminal defendant has standing under the Equal Protection Clause of the Fourteenth Amendment to challenge the prosecution's use of peremptory strikes of black venirepersons. Furthermore, Powers was followed by this Court's decision in Ex parte Bird, [Ms. 89-1061, June 14, 1991], 1991 WL 114762 (Ala. 1991),* wherein we acknowledged that because of the Powers decision, Bird, a white criminal defendant, had standing under the Fourteenth Amendment to challenge the peremptory strikes of black venirepersons from the trial jury.
Therefore, on the authority of Powers and Bird, the Court of Criminal Appeals' judgment, based on a holding that Owen lacked standing to challenge the State's use of its peremptory strikes to exclude black venirepersons from the jury, is reversed, and the cause is remanded with directions to remand the cause to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
HORNSBY, C.J., and MADDOX, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.
* Reporter of Decisions' note: The June 14, 1991, opinion inBird was withdrawn and a new opinion issued on December 6, 1991.