The appellant, Donald Lewis Owen, was convicted of capital murder of a police officer while the officer was in the line of duty. He was sentenced to imprisonment for life without the possibility of parole.
This appeal is from a conviction in the appellant's third trial for this capital murder. The appellant was originally tried and convicted in 1981. This court affirmed that judgment.Owen v. State, 418 So.2d 214 (Ala.Cr.App. 1982). As a result of a successful petition for habeas corpus filed in the Eleventh Circuit Court of Appeals, attacking the admission into evidence of the appellant's confession, the appellant was granted a new trial. Owen v. Alabama, 849 F.2d 536 (11th Cir. 1988). A majority of this court affirmed the conviction resulting from the appellant's second trial. Owen v. State, 586 So.2d 958
(Ala.Cr.App. 1990) (Bowen, J., dissenting). However, the Alabama Supreme Court reversed this court's judgment and remanded the appellant's case for a third trial based on Powers v. Ohio, ___ U.S. ___, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991). Ex parteOwen, 586 So.2d 963 (Ala. 1991). In Powers, the United States Supreme Court held for the first time that a white defendant has standing to complain of a Batson v. Kentucky, 476 U.S. 79,106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), violation in the selection of the defendant's jury. We now have no other choice than to reverse the appellant's third conviction on the basis of errors committed at trial that denied Owen a fair trial.
The state's evidence tended to show that around midnight on April 8, 1980, the appellant, Donald Lewis Owen, left work at Scott Paper Company in Mobile and stopped at a local bar. While at the bar he talked with his supervisor, danced with a lady friend, and drank four to eight beers. He left the bar and shortly before 2:00 a.m. was pulled over for speeding by Officer John Dotson of the Chickasaw Police Department. The summary of the events which followed is based on the appellant's testimony to mental health professionals. The evidence tended to show that the appellant shot Officer Dotson twice with a 12-gauge shotgun and then fled the scene. At approximately 2:30 a.m., other officers arrived on the scene and found Dotson on the ground with shotgun wounds to the right eye and abdomen. His weapon had been drawn and cocked, but not fired. Dotson *Page 1128 
died shortly thereafter as a result of the shotgun wounds.
The defense relied on evidence that the appellant was suffering from a mental disease or defect and as a result that he lacked "substantial capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law." Section 13A-3-1, Code of Alabama 1975. Numerous experts gave testimony on the appellant's behalf as to the appellant's mental condition as it existed on April 8, 1980. Also, several family members testified that the appellant had been physically abused as a teenager and that that abuse had contributed to his instability. Further, several co-workers from Scott Paper Company described instances where the appellant had lost his temper.
 I
The appellant alleges that the trial court erred in not giving the jury an instruction on intoxication. The record reflects that the jury was instructed on the lesser included offense of manslaughter as it relates to the defense of legal provocation. Section 13A-6-3(a)(2), Code of Alabama 1975. However, the jury was not instructed on the consequences of the appellant's intoxication. This issue was presented to this court in review of an earlier trial.
In his dissent from this court's affirmance of the appellant's conviction after his second trial, Judge Bowen stated:
 "[T]here was evidence that the defendant was intoxicated. The evidence of the degree of the defendant's intoxication was conflicting. Therefore, the defendant was entitled to a jury charge on intoxication. McNeil v. State, 496 So.2d 108, 109 (Ala.Cr.App. 1986). In relying on one officer's testimony that the defendant did not appear to be intoxicated, the majority has made a credibility choice and has invaded the exclusive province of the jury."
Owen, 586 So.2d at 962.
Judge Bowen's reasoning and conclusion are right. When there is evidence of intoxication and the crime charged requires a specific intent, an instruction on the effects of intoxication and how it relates to any lesser included offense should be given. McNeil v. State, 496 So.2d 108 (Ala.Cr.App. 1986)
There was evidence presented in this case that the appellant had consumed as many as eight beers within a two-hour period. There was a rational basis to support an instruction that intoxication could negate the specific intent and lower the charge to manslaughter. The degree of intoxication necessary to reduce a charge from murder to manslaughter when the intoxication is voluntary must be so great as to "amount to insanity." Ex parte Bankhead, 585 So.2d 112, 121 (Ala. 1991). Whether that fact was sufficiently proved in this case is a factual question left for the jury's determination. By not instructing the jury on the law regarding intoxication, the trial court erred to reversal.
In McNeil, supra, this court, in an opinion written by Judge Bowen, stated:
 "The failure of the trial court to give the requested instruction on manslaughter was error. 'When the crime charged involves a specific intent, such as murder, and there is evidence of intoxication, the trial judge should instruct the jury on the lesser included offense of manslaughter.' Gray v. State, 482 So.2d 1318, 1319
(Ala.Cr.App. 1985). 'No matter how strongly the facts may suggest that appellant was not so intoxicated at the time he committed the offense that he was incapable of forming the necessary specific intent, the jury should have been instructed on manslaughter as a lesser included offense since there was a "reasonable theory from the evidence which would support the position." ' "
496 So.2d at 109. See also Peterson v. State, 520 So.2d 238
(Ala.Cr.App. 1987); Anderson v. State, 507 So.2d 580
(Ala.Cr.App. 1987). See also Annot., Modern Status of the Rulesas to Voluntary Intoxication as Defense to Criminal Charge
8 A.L.R.3d 1236 (1966). " 'There being some testimony tending to show that defendant was drunk, he had a right to have the jury pass upon its credibility and sufficiency to *Page 1129 
prove that he was so drunk as to be incapable of forming the specific intent. . . .' " Silvey v. State, 485 So.2d 790,792-93 (Ala.Cr.App. 1986).
The trial court's failure to instruct the jury on the effect of intoxication was reversible error. We are compelled, therefore, to reverse the appellant's conviction and remand this cause to the Circuit Court for Mobile County for proceedings consistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur except MONTIEL, J., who dissents without opinion.