TAYLOR, Judge.
The appellant, Mitchell Crews, was convicted of murder, a violation of § 13A-6-2, Code of Alabama 1975. He was sentenced under the Habitual Felony Offender Act to life in prison without the possibility of parole.
The state’s evidence tended to show that on the evening of February 8, 1991, the appellant shot and killed Myrtice Summer-set. Christine Walker, Myrtice’s mother, testified that the appellant had been living in her house with her daughter. Mrs. Walker said she was watching television with her family on the evening of February 8, when there was a knock on her door. Her son, Louis, answered the door. The appellant was at the door. He said he wanted to speak with Myrtice. Myrtice and the appellant had a disagreement and Myrtice told the appellant to pack his things and to leave. Myrtice walked to the other end of the house and Mrs. Walker walked to the bathroom. Mrs. Walker testified that as she entered the bathroom, she heard three shots. She said she then walked out of the bathroom and saw Myr-tice on the floor. Myrtice had been shot. After the appellant shot Myrtice, Mrs. Walker heard him say that he was going to kill all the Walkers who were in the house. Mrs. Walker ran outside to hide. Mrs. Walker stated that before the shooting she had seen the appellant on several occasions when he had been carrying a shotgun. She also testified that he had threatened Myr-tice saying that if he could not have her no one could. Mrs. Walker also testified that at the time of the murder the appellant had been drinking.
Louis Walker was also present when the shooting occurred. He saw the appellant leave the house after talking with Myrtice, his sister, and return with a shotgun. Louis testified that he saw the appellant point the gun at Myrtice and shoot her in the abdomen. Louis testified that at no time did Myrtice touch the shotgun.
The appellant’s sister, Mae Catherine Crews, testified that she had seen the appellant carrying the shotgun used to shoot Myrtice earlier in the evening and had told him not to take the gun to Myrtice’s house because someone would get hurt. Ms. Crews also stated that the appellant had been drinking on the evening of the shooting.
Dr. Alfredo Parades, a pathologist with the Alabama Department of Forensic Sciences at its Dothan, Alabama, laboratory, performed the autopsy on the victim. He stated that the shotgun blast to the abdomen was the cause of death. As a result of that wound, the victim sustained injuries to the intestines, to the bladder and to the uterus, and the main artery supplying blood to her legs, muscle and pelvic bone.
The appellant testified in his own behalf. He stated that the shooting was an accident and that Myrtice was killed while he and she were struggling for the shotgun.
The appellant’s only argument on appeal is that the state failed to establish a prima facie case of murder. “A person commits the crime of murder if ... [w]ith intent to cause the death of another person, he causes the death of that person or of another person_” § 13A-6-2, Code of Alabama 1975.
Questions concerning the sufficiency of the evidence are preserved for this court’s consideration by a motion for a judgment of acquittal. Rule 20, A.R.Crim.P. The appellant in this case moved for a judgment of acquittal at the close of the state’s case; however, no such motion was made at the close of all the evidence. When the trial court rules on a motion for a judgment of acquittal, the court “should consider only the evidence before the jury at the time the motion is made and must consider it in the light most favorable to the state.” Ward v. State, 557 So.2d 848, 850 (Ala.Cr.App.1990); Andrews v. State, 473 So.2d 1211 (Ala.Cr.App.1985).
*394 The appellant argues that the evidence did not support a verdict of guilty of murder but at most supported a verdict of guilty of manslaughter. He maintains that because of the evidence presented of the struggle and of the appellant’s intoxication, the state failed to prove intent. When the motion for a judgment of acquittal was made, however, the court had before it no evidence presented by the appellant. Therefore, the evidence that the appellant argues rebuts the state’s showing was not before the jury.
However, the state presented sufficient evidence to meet its burden of establishing a prima facie case. Three individuals testified that they had seen the appellant with the shotgun on the day of the shooting and Louis Walker testified that he had witnessed the shooting. Further, the intent necessary to support a murder conviction may be supplied by the use of the deadly weapon. Benton v. State, 536 So.2d 162 (Ala.Cr.App.1988); Barnes v. State, 571 So.2d 372 (Ala.Cr.App.1990).
In regard to the appellant’s argument that he was intoxicated at the time of the shooting, even had this issue been preserved for our consideration, we would still decide the issue adversely to the appellant.
“The degree of intoxication necessary to reduce a charge from murder to manslaughter when the intoxication is voluntary must be so great as to ‘amount to insanity.’ Ex parte Bankhead, 585 So.2d 112 (Ala.1991). Whether that fact was sufficiently proved in this case is a factual question left for the jury’s determination.”
Owen v. State, 611 So.2d 1126, 1128 (Ala.Cr.App.1992). The trial court correctly denied the appellant’s motion for a judgment of acquittal.
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.