The appellant, Terrell Norman Crapps, was convicted of murder, a violation of § 13A-6-2, Code of Alabama 1975. He was sentenced to life in prison.
The evidence presented by the prosecution tended to show that the appellant killed his wife, Sara Chadwick Crapps, by shooting her in the neck with a 20-gauge shotgun. On June 27, 1992, law enforcement officers were called to the Crapps residence in Houston County, Alabama. The appellant was armed and was with his wife in a small camper that was parked next to his house.
Witnesses testified that they heard gunshots inside the camper and that the appellant said that he had "blowed the mother-fucking bitch's brains out." When the appellant was removed from the camper, the victim's body was found inside with a shotgun wound to the neck.
 I
On appeal, the appellant contends that there was insufficient evidence to support his conviction of murder. Specifically, he contends that the only evidence presented by the state was circumstantial and that that evidence, therefore, could not support a conviction of murder.
 " 'Circumstantial evidence is not inferior or deficient evidence. See Linzy v. State, 455 So.2d 260 (Ala.Cr.App. 1984). 'Circumstantial evidence is entitled to the same weight as direct evidence, provided it points to the guilt of the accused.' Casey v. State, 401 So.2d 330, 331
(Ala.Cr.App. 1981). 'Whether circumstantial evidence tending to connect the defendant with the crime excludes, to a moral certainty, every other reasonable hypothesis than that of the defendant's guilt is a question for the jury and not the court.' Cumbo v. State, 368 So.2d 871, 875
(Ala.Cr.App.), cert. denied, 368 So.2d 877
(Ala. 1979).' "
Holder v. State, 584 So.2d 872, 875-76 (Ala.Cr.App. 1991).
Furthermore, he contends that the state failed to prove that he possessed the requisite specific intent to kill the victim because, he says, he was voluntarily intoxicated at the time. "The degree of intoxication necessary to reduce a charge from murder to manslaughter when the intoxication is voluntary must be so great as to 'amount to insanity.' " Owen v. State,611 So.2d 1126, 1128 (Ala.Cr.App. 1992). The court instructed the jury on the law applicable to intoxication. Whether the appellant was so intoxicated that he could not form the intent to kill was a question for the jury's determination.
There was sufficient evidence presented by the state from which the jury could conclude that the appellant, "[w]ith the intent to cause the death of another person, . . . cause[d] the death of that person. . . ." § 13A-6-2, Code of Alabama 1975.
 II
The appellant also contends that the court erred in denying his motion to approve funds for an evaluation by an expert in the field of alcoholism. In order for an indigent defendant to be entitled to funds for expert assistance, he must show both the need for and the relevance of the assistance. *Page 700 
 " 'The threshold question requires the showing of a need for the requested services. Ex parte Argo, 42 Ala. App. 546, 547, 171 So.2d 259 (1965). We recognized in Gwin v. State, 425 So.2d 500, 508
(Ala.Cr.App. 1982), cert. quashed, 425 So.2d 510
(Ala. 1983), that before determining whether fundamental fairness requires that an accused be afforded the opportunity to have an expert of his choosing examine a piece of 'critical evidence whose nature is subject to varying expert opinion,' it should first be determined that the evidence is 'critical.' Evidence is 'critical' for purposes of the due process clause if it could induce a reasonable doubt in the minds of enough jurors to avoid a conviction when that evidence was developed by skilled counsel and experts. White v. Maggio, 556 F.2d 1352, 1357-58 (5th Cir. 1977); Gwin, supra.' "
Grayson v. State, 479 So.2d 69, 72 (Ala.Cr.App. 1984), aff'd,479 So.2d 76 (Ala.), cert. denied, 474 U.S. 865, 106 S.Ct. 189,88 L.Ed.2d 157 (1985).
The appellant did not demonstrate that he needed the assistance of an expert in the field of alcoholism or that such assistance would be relevant to his defense. The appellant relies on the fact that he was intoxicated when the victim was shot to support his contention that he needed an evaluation by an alcoholism expert. The only importance that the appellant's intoxication has in this case is in regard to his ability to form the intent to kill.
The appellant did not demonstrate how the evaluation by, or the opinion or testimony of, an expert on alcoholism would be relevant to determining his intent. The court did not err in refusing to provide the appellant with funds to obtain an evaluation by an expert on alcoholism.
For the foregoing reasons, the appellant's conviction is due to be affirmed.
AFFIRMED.
All the Judges concur.