PER CURIAM.
Former Governor Harold Guy Hunt petitioned the Montgomery Circuit Court for a writ of mandamus ordering the Alabama Department of Public Safety and its director to provide him protection pursuant to Ala.Code 1975, § 36-33-2(a). That section is as follows:
“(a) The department of public safety is required to protect, from the date of his election, throughout his term and for a period of five years after the expiration of his term of office, the person of the governor of the state of Alabama, [and] the members of his immediate family_”
The trial court denied the petition, holding that Hunt did not have a clear legal right to the relief sought. Hunt appealed.
Hunt contends that this provision, on its face, clearly requires the Department of Public Safety to provide him protection for five years after he left office. In response, the Department of Public Safety and its director contend that it is not clear at all that protection is to be provided in this instance. Rather, they contend that the term “expiration,” as used in the statute, does not apply in this *271 fact situation because, they say, Hunt’s term of office did not “expire,” but rather his office, they say, was statutorily vacated[1] because of a felony conviction. Therefore, they contend that Hunt’s petition was due to be denied because, they contend, it was not clear and indisputable that Hunt was due the relief requested.
The facts pertinent to the appeal are as follows: Hunt was elected to a four-year term as Governor of Alabama in 1986. He was reelected to a second term in 1990. On April 22, 1993, during his second term as Governor, the office of Governor was vacated under the provisions of Ala.Code 1975, § 36-9-2, when Hunt was convicted of a felony violation of the Alabama Ethics Act, § 36-25-27(a)(l), for using his public office for personal gain.
Following his conviction and removal from office on April 22,1993, Hunt requested continued protection from the Department of Public Safety pursuant to § 36-33-2(a). In response, the director of Public Safety, as well as the director of the Department of Finance, requested an opinion from the attorney general of Alabama as to whether the Department of Public Safety was required or was authorized to continue to provide protection to Hunt, a convicted felon. This question was answered in the negative by Opinions of the Attorney General No. 93-00178 and No. 93-00179. The Department of Public Safety informed Hunt that it was not required or authorized under § 36-33-2(aj to continue to provide him protection. Hunt then filed his mandamus petition with the trial court.
The dispositive issue on appeal is whether the petitioner, Hunt, established the elements necessary for the issuance of a writ of mandamus.
The writ of mandamus is a drastic and extraordinary remedy employed to see that justice is done, but it shall not issue if there is any doubt as to its necessity or propriety. Ex parte Johnson Land Co., 561 So.2d 506 (Ala.1990). Indeed, the writ of mandamus is to be reserved for genuinely extraordinary situations and circumstances and, to justify issuance of the writ, there must be a clear showing of injury to the petitioner. Ex parte Jones, 447 So.2d 709 (Ala.1984). Thus, due to the extraordinary nature of the writ, mandamus will issue generally only where the relief sought allows no reasonable basis for controversy, Ex parte Sargent Industries, Inc., 466 So.2d 961 (Ala.1985), and it will issue against a governmental entity “only if the act to be compelled is ministerial and so plainly prescribed as to be free from doubt.” Bass Anglers Sportsman Society v. United States Steel Corp., 324 F.Supp. 412, 416 (S.D.Ala.1971); affirmed, Bass Anglers Sportsman Society v. Koppers Co., 447 F.2d 1304 (5th Cir.1971). See Ex parte Fielder, 528 So.2d 325 (Ala.1988) (writ of mandamus will not be issued unless the movant has a clear and indisputable right to a particular result); Ex parte Argo, 42 Ala.App. 546, 171 So.2d 259 (1965) (to be entitled to the writ of mandamus, the petitioner must make credible allegations, ironclad in nature, showing that the respondent is bound by law to do nothing other than that which the petitioner seeks to have commanded).
In order for a writ of mandamus to issue, there must be:
“(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.”
Ex parte Adams, 514 So.2d 845, 850 (Ala.1987). If there is any doubt as to its necessity or propriety, mandamus shall not issue. Ex parte Johnson Land Co., supra.
Here, Hunt has shown no clear and indisputable legal right that is free from doubt and that entitles him to receive the relief he sought from the trial court. Although Hunt claims that he is entitled to protection pursuant to § 36-33-2(a), his right to it is not clear and indisputable. Although § 36-33-2(a) makes it clear that the Department of Public Safety is to provide protection for five years when a Governor’s term expires, it is not clear whether protection is to be provided under the circumstances of this case, where the office of Governor was vacated because of a conviction of a felony. In *272 fact, in regard to this question, the attorney-general issued formal opinions to two state officials stating that § 36-33-2(a) did not require the Department of Public Safety to provide protection to Hunt.
We are not satisfied that no adequate remedy at law was available to Hunt. There were other legal avenues available to Hunt to determine whether the statute required that protection be provided. Hunt could have filed an action asking the court to construe the statute and ascertain the intent of the legislature in enacting it, and challenging the legality of the acts of the Department of Public Safety in refusing to provide protection.
Based on the above, we conclude that Hunt did not satisfy the elements required for the issuance of a writ of mandamus. The statute in question clearly allows a “reasonable basis for controversy” as to whether Hunt is entitled to receive protection. See Ex parte Sargent Industries, supra. Therefore, because Hunt did not show that the Department of Public Safety had an imperative duty to provide the protection, the court properly denied Hunt’s petition for the writ of mandamus.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES, STEAGALL and INGRAM, JJ., concur.

. Ala.Code 1975, § 36-9-2, provides that if a person holding office is convicted of a felony, his office shall be vacated from the time of the conviction.