ALMON, Justice
(concurring specially).
I concur in the order quashing the writ of certiorari as improvidently granted, but I express the following concerns regarding the standard applied by the Court of Criminal Appeals in reviewing the trial court’s ruling on a motion for a judgment of acquittal in eases decided primarily on circumstantial evidence.
The question Bart Robin Mason presents in his petition is whether the affirmance of his conviction by the Court of Criminal Appeals conflicts with Ex parte Mauricio, 523 So.2d 87 (Ala.1987). See Rule 39(c)(4), Ala.R.App.P. In its unpublished memorandum affirming Mason’s conviction, the Court of Criminal Appeals stated:
“Furthermore, this case is one consisting primarily of circumstantial evidence. In such a case, the determination of whether that evidence excludes every reasonable hypothesis but that of guilt is a question for the jury. Linzy v. State, 455 So.2d 260 (Ala.Crim.App.1984).”
Mason’s petition quotes the following from Mauricio:
‘“[A] prisoner, charged with a felony, should not be convicted on circumstantial evidence, unless it shows by a full measure of proof that the defendant is guilty. Such proof is always insufficient, unless it excludes, to a moral certainty, every other reasonable hypothesis, but that of the guilt of the accused. No matter how strong the circumstances, if they can be reconciled with the theory that some other person may have done the act, then the defendant is not shown to be guilty, by that full measure of proof which the law requires.’ ”
Ex parte Mauricio, 523 So.2d at 92, quoting Ex parte Acree, 63 Ala. 234 (1879).
In reviewing this case, I realized that the Court of Criminal Appeals has taken a sentence from Linzy v. State, 455 So.2d 260, 262 (Ala.Cr.App.1984), out of context and has incorrectly applied the legal principle the sentence addresses. That sentence is: “ ‘Whether circumstantial evidence tending to connect the defendant with the crime excludes, to a moral certainty, every other reasonable hypothesis than that of the defendant’s guilt is a question for the jury and not the court.’” (Quoting Cumbo v. State, 368 So.2d 871 (Ala.Cr.App.1978).) The Court of Criminal Appeals has erroneously relied on this statement to affirm the denial of a motion for a judgment of acquittal in this case and in other circumstantial-evidence cases. See, e.g., Hill v. State, 651 So.2d 1128 (Ala.Cr.App.1994); Crapps v. State, 646 So.2d 698 (Ala.Cr.App.1994); and Holder v. State, 584 So.2d 872 (Ala.Cr.App.1991).
In Linzy, before quoting from Cumbo the sentence that is set out above, the Court of Criminal Appeals stated:
“The standard of review in determining sufficiency of evidence is whether evidence existed at the time appellant’s motion for acquittal was made, from which the jury could by fair inference find the accused guilty. ... Stated differently, the test is “whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every reasonable hypothesis, but whether a jury might reasonably so conclude.’ ”
455 So.2d at 262 (citations omitted.)
From a careful comparison of the wording in the two passages, and considering the relative functions of the judge and the jury, one can see that, in deciding whether to grant a motion for a judgment of acquittal, the judge determines “whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt,” while the jury decides whether the evidence “excludes, to a moral certainty, *470 every other reasonable hypothesis than that of the defendant’s guilt.”
In formulating the latter standard, i.e., the standard by which the jury determines guilt or innocence, Cumbo, Linzy, and other cases properly conclude with the statement that the question of guilt “is a question for the jury and not the court.” However, if that same standard applies to a motion for judgment of acquittal, as the Court of Criminal Appeals has applied it in this case and in other cases, then a circuit court could never grant a motion for a judgment of acquittal on the theory that the evidence is insufficient as a matter of law. In short, the Court of Criminal Appeals has applied the wrong standard to the motion for a judgment of acquittal, a standard that will always allow circumstantial-evidence eases to be decided by the jury. That standard, obviously, is not the law.
The application of the proper rule in these cases is often difficult for the trial judge as well as for appellate judges. Factually, no two circumstantial-evidence cases are ever the same. However, the reason underlying the rule is sound, and the rule has been applied for many years. If no one could logically be convinced beyond a reasonable doubt that the defendant is guilty of the crime charged, then the trial judge should grant a motion for a judgment of acquittal. Our jurisprudence has never sanctioned a rule that would allow a person to be “guessed” into the penitentiary — and never should.
Whether the circuit court properly denied Mason’s motion for the judgment of acquittal is a close question. I have reviewed the record and have concluded that the circuit court did not err in denying that motion. Although the Court of Criminal Appeals applied an incorrect standard in affirming the denial of Mason’s motion, it nevertheless reached the correct result. I agree with the circuit court that the evidence presented a jury question under the standard that “the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of [Mason’s] guilt.” Linzy, 455 So.2d at 262. For this reason, I concur in the order quashing the writ as improvidently granted.