723 So.2d 775 (1998)
Terrell Norman CRAPPS
v.
STATE.
CR-96-2309.
Court of Criminal Appeals of Alabama.
April 3, 1998.
Opinion on Return to Remand August 28, 1998.
Rehearing Denied October 23, 1998.
Thomas M. Goggans, Montgomery, for appellant.
Bill Pryor, atty. gen., and Jean A. Therkelsen, asst. atty. gen., for appellee.
McMILLAN, Judge.
The appellant, Terrell Norman Crapps, appeals from the trial court's denial of his Rule 32 petition for post-conviction relief and his motion to supplement the record.
The State requests that this cause be remanded to the trial court for several reasons. First, the record does not contain a copy of the appellant's Rule 32 petition. The case action summary indicates that the petition was filed on April 15, 1996, within the two-year limitations period of Rule 32.2(c), Ala. R.Crim.P. See Crapps v. State, 646 So.2d 698 (Ala.Cr.App.1994). The record, however, does contain a document entitled "Motion for Leave to Proceed in Forma Pauperis," which was filed by the appellant on April 15, 1996. It is unclear from the record whether the trial court treated the motion as a Rule 32 petition, or whether the Rule 32 petition was inadvertently omitted from the record. In addition, the trial court denied the appellant's *776 Rule 32 petition, without an evidentiary hearing, on July 31, 1997. In its order, the trial court failed to state its reasons for denying the petition. Lastly, although the record reveals that the trial court ordered the State to file a response to the appellant's petition within 30 days, the State failed to do so.
This cause is therefore remanded to the trial court to allow the State an opportunity to respond to the claims the appellant raises in his petition, and to allow the trial court an opportunity to issue an order stating his reasons for denying the petition. Additionally, the trial court should take the necessary measures to ensure that the record is supplemented by the addition with the appellant's Rule 32 petition, if one has been filed. If the trial court finds that the appellant failed to file a Rule 32 petition, it should so state for the record in a written order. A return should be filed with this court within 45 days after the release of this opinion.
REMANDED WITH INSTRUCTIONS.
All judges concur.

On Return to Remand
McMILLAN, Judge.
On April 3, 1998, we remanded this cause to the trial court to allow the State an opportunity to respond to the claims the appellant raised in his Rule 32, Ala.R.Crim.P., petition, and to allow the trial court an opportunity to issue an order stating its reasons for denying the petition. Additionally, the trial court was instructed to take measures to ensure that the record be supplemented with the appellant's Rule 32 petition, if one had been filed. If the trial court found that the appellant had failed to file a Rule 32 petition, it was to so state for the record in a written order.
Pursuant to this Court's instructions, the trial court issued an order in which it stated its reasons for the denial of the appellant's "Rule 32 petition." However, the trial court's order also stated that "the petitioner did not file a Rule 32 petition in this particular case" and that it "proceeded on an In forma Pauperis Declaration, appointed Hon. Blake Green to investigate this case and to report to the Court the allegations or assertions made by the petitioner." The trial court further found that "[t]he documents relating to this appeal are the only documents the Clerk has in its possession."
The record contains the appellant's motion for leave to proceed in forma pauperis, which the trial court granted. The appellant had attached to that motion a document similar to an affidavit, without specific supporting facts and circumstances, which included the grounds that he planned to raise in his Rule 32 petition. The trial court then apparently addressed these issues before the appellant raised them in a proper Rule 32 petition.
"Because [appellant's] Rule 32 petition was not filed in the form required by the Rule 32.6(b), A.R.Cr.P., the petition was due to be returned to the appellant with instructions to file a verified petition in the proper form. Therefore, jurisdiction of this case is transferred to the trial court with instructions to set aside its order denying the petition and to return the petition to [appellant] so that he can have the opportunity to file a petition in the proper form. Drayton v. State, 600 So.2d 1088 (Ala.Cr.App.1992) (and cases cited therein)."
Banks v. State, 658 So.2d 511, 512 (Ala.Cr. App.1994).
APPEAL DISMISSED.
LONG, P.J., and COBB, BROWN, and BASCHAB, JJ., concur.