Terrell Norman Crapps appeals from the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition. On April 15, 1996, Crapps filed a petition the circuit court treated as a Rule 32 petition.[1] After a hearing,[2] the circuit court denied the petition by written order on July 31, 1997, stating only that the "Rule 32 petition is denied." On appeal from the circuit court's ruling, we remanded the case to the circuit court
 "to allow the State an opportunity to respond to the claims the appellant raises in his petition, and to allow the trial court an opportunity to issue an order stating [its] reasons for denying the petition. Additionally, the trial court should take the necessary measures to ensure that the record is supplemented by the addition [of] the appellant's Rule 32 petition, if one has been filed. If the trial court finds that the appellant failed to file a Rule 32 petition, it should so state for the record in a written order."
Crapps v. State, 723 So.2d 775, 776 (Ala.Crim.App. 1998).
On return to remand, this court dismissed Crapps's appeal, stating:
 "Pursuant to this Court's instructions, the trial court issued an order in which it stated its reasons for the denial of the appellant's `Rule 32 petition.' However, the trial court's order also stated that `the petitioner did not file a Rule 32 petition in this particular case' and that it `proceeded on an In forma Pauperis Declaration, appointed Hon. Blake Green to investigate this case and to report to the Court the allegations or assertions made by the petitioner.' The trial court further found that '[t]he documents relating to this appeal are the only documents the Clerk has in its possession.'
 "The record contains the appellant's motion for leave to proceed in forma pauperis, which the trial court granted. The appellant had attached to that motion a document similar to an affidavit, without specific supporting facts and circumstances, which included the grounds that he planned to raise in his Rule 32 petition. The trial court then apparently addressed these issues before the appellant raised them in a proper Rule 32 petition.
 "`Because [appellant's] Rule 32 petition was not filed in the form required by the Rule 32.6(b), A.R.Cr.P., the petition was due to be returned to the appellant with instructions to file a verified petition in the proper form. Therefore, jurisdiction of this case is transferred to the trial court with instructions to set aside its order denying the petition and to return the petition to [appellant] so that he can have the opportunity to file a petition in the proper form. Drayton v. State, 600 So.2d 1088 (Ala.Cr.App. 1992) (and cases cited therein).' *Page 449 
"Banks v. State, 658 So.2d 511, 512 (Ala.Cr.App. 1994)."
Crapps v. State, 723 So.2d 775, 776 (Ala.Crim.App. 1998).
On August 12, 1999, Crapps filed the amended petition that is the subject of this appeal. The circuit court summarily denied the petition, ruling: "Amended petition is denied. This is a successive petition." C.R. 1.
Crapps appealed, claiming, among other things, that the circuit court erred in summarily denying his petition on the grounds that it was a successive petition. The State agrees that the amended petition in this case is not successive because it is a continuation of the proceedings that began on April 15, 1996, and because it was filed pursuant to this court's order on remand. We note that the amended petition also represents Crapps's first opportunity to sufficiently plead his case. For these reasons, the amended petition now before the court cannot be denied as successive.
This case is remanded to the circuit court to allow the circuit court to consider the issues raised in Crapps's amended petition — issues that are now properly before the circuit court for the first time. A return should be filed with this court within 70 days after the release of this opinion.
REMANDED WITH INSTRUCTIONS.
LONG, P.J., and McMILLAN, BASCHAB, and FRY, JJ., concur.
[1] The case action summary sheet reflected that a Rule 32 petition had been filed; however, there was no petition in the record. What was designated as the Rule 32 Petition was actually Crapps's request to proceed in forma pauperis.
[2] Our opinion in the direct appeal of the case, issued on April 3, 1998 (Crapps v. State, 723 So.2d 775 (Ala.Crim.App. 1998)), contained a typographical error stating that the petition was denied "without" a hearing. The record on appeal reflects that on July 31, 1996, a short hearing was held on the petition.