COBB, Judge.
Glennie Davis filed a petition for a writ of habeas corpus in the Jefferson Circuit Court. The petition challenged his sentence following a 1982 conviction in the Covington Circuit Court for robbery in the first degree. The Jefferson Circuit Court properly transferred Davis’s petition to Covington Circuit Court, the court of Davis’s conviction, to be treated as a Rule 32, Ala.R.Crim.P., petition because the petition challenged the legality of Davis’s sentence. “According to Rule 32.4, Ala. R.Crim.P., all postconviction petitions ehal-lenging a conviction and/or a sentence shall be treated as Rule 32 petitions.” Washington v. State, [Ms. CR-99-0417, April 28, 2000] — So.2d -(Ala.Crim.App.2000). Davis claimed in the petition that while he was on parole following a previous conviction, he was convicted of robbery in the first degree and that his sentence for robbery in the first’ degree was illegally enhanced under the Habitual Felony Offender Act by using, as a prior conviction, the conviction for which Davis was on parole. According to Davis, it was improper and illegal to use what Davis termed the “underlying conviction [as to which] petitioner was on parole on to enhance [his] sentence to life.” C.R. 6. After receipt of the State’s motion to dismiss, the Covington Circuit Court issued a written order dismissing the petition “without prejudice to his right to file a petition in the form and manner required by Rule 32.”[1] C.R. 33.
The Covington Circuit Court erred in dismissing the petition. “Petitions filed under [Rule 32, Ala.R.Crim.P.] shall be filed in and decided by the court in which the petitioner was convicted. If a petition is filed in another court, it shall be transferred to the court where the conviction occurred.” Rule 32.5, Ala.R.Crim.P. A petition labeled as a writ of habeas corpus, raising issues cognizable in a Rule 32 petition, may be addressed by the trial court if it is the court of original jurisdiction. Ex parte Maddox, 662 So.2d 915 (Ala.1995); Ex parte Lockett, 644 So.2d 34 (Ala.1994). Thus, the Covington Circuit Court should rule on the petition in its present form if possible. In Ex parte Maddox, 662 So.2d 915 (Ala.1995), the Alabama Supreme Court adopted Judge Bowen’s dissent in Maddox v. State, 662 So.2d *1084 914, 915 (Ala.Crim.App.1993), stating that “[I]t is ridiculous to remand ... [cases] so that the [petitioner] will have the opportunity to file a petition in the proper form that will be promptly dismissed.”[2] If the Covington Circuit Court is unable to rule on the petition in its present form, the court should return the petition to Davis with instructions to file an amendment to the petition within a specified time.[3]
“A court should return for amendment and not dismiss a petition that is not in the correct form: ‘If the petition that is filed does not substantially comply with that form, the petition should not be dismissed but should be returned to the petitioner with directions to comply with the requirements of the Rule.’ H. Maddox, Alabama Rules of Criminal Procedure § 32.7 at 298 (Supp.1993), and cases cited therein.”
Garrett v. State, 644 So.2d 977, 981 (Ala.Crim.App.1994). This procedure prevents the dismissal of a timely petition filed in the wrong jurisdiction on the grounds that it is barred by the limitations period in Rule 32.2(c), Ala.R.Crim.P.
Because there is no ruling from which to appeal, this appeal is due to be dismissed. This cause is transferred to the Covington Circuit Court with directions that that court set aside its order dismissing the petition for postconviction relief and proceed as set forth above. Thereafter, the appellant may appeal any adverse judgment that may be entered by the trial court.
APPEAL DISMISSED.
LONG, P.J., and McMILLAN, BASCHAB, and FRY, JJ„ concur.

. We do not take the court’s action on this petition to be a ruling on the merits of the arguments presented in the petition. We discern that the court merely intended to return the petition to Davis so that Davis could refile the petition in the proper form before the court looked at the claims.

. The Covington Circuit Court's order also stated that in "its order of 3/5/99” it dismissed "a previously filed Rule 32 petition on the grounds it was successive and that Petitioner then made no showing why any new grounds for postconviction relief were unknown or unascertainable through reasonable diligence at the time said previous petition was filed.” C.R. 33. Although the Covington Circuit Court rilled that the instant petition was procedurally precluded as a successive petition, there is no evidence in the record to support this finding. There' is nothing in the record suggesting that a prior petition was adjudicated on the merits. (Our records do not show an appeal from a prior Rule 32 petition in this case.) If the Covington Circuit Court chooses to rely on this preclusion ground, the court must determine on the record that the prior petition was adjudicated on the merits. See, Blount v. State, 572 So.2d 498 (Ala.Crim.App.1990).

. “[W]e suggest that a period of 28 days between the time of the order of the court returning the original petition for amendment pursuant to Rule 32.6(a), A.R.Crim.P., and the filing of the amended petition is not unreasonable. We also suggest that in its order returning the original petition for amendment, the court specify the number of days within which the amendment must be filed.”
Garrett v. State, 644 So.2d 977, 980 n. 1 (Ala.Crim.App.1994).