859 So.2d 458 (2003)
Michael THORNTON and Kenneth Thornton
v.
STATE.
CR-01-2215 and CR-01-2145.
Court of Criminal Appeals of Alabama.
March 21, 2003.
Michael Thornton, pro se.
Kenneth Thornton, pro se.
William H. Pryor, Jr., atty. gen., and John M. Porter and Jean A. Therkelsen, asst. attys. gen., for appellee.
COBB, Judge.
On May 22, 2002, Thomas Thornton, exercising a duly appointed power of attorney, verified and filed separate Rule 32, Ala.R.Crim.P., petitions in the Circuit Court of Jefferson County on behalf of his brothers Michael Thornton and Kenneth Thornton. The petitions challenged Michael's and Kenneth's October 29, 1992, convictions for rape in the first degree, sodomy in the first degree, and kidnapping in the second degree. Those convictions were obtained pursuant to guilty pleas. No direct appeal was taken. The petitions were assigned to the same circuit judge *459 who summarily denied the petitions before the State responded by notations on the case action summary sheets.[1] These appeals followed.
For the reasons discussed below, we hold that the petitions were not properly verified and, thus, that the circuit court did not have jurisdiction to rule on the petitions.
"[N]o statute expressly allows the commencement of actions by attorneys-in-fact." Miller v. Jackson Hosp. & Clinic, 776 So.2d 122, 126 (Ala.2000). Rule 32, Ala.R.Crim.P., does not permit an individual invested with a power of attorney to verify as true the assertions contained in a Rule 32 petition filed on behalf of a petitioner. To the contrary, Rule 32.6(a), Ala. R.Crim.P., provides: "A proceeding under this rule is commenced by filing a petition, verified by the petitioner or petitioner's attorney, with the clerk of the court." (Emphasis added.) Moreover, the appendix to Rule 32, Ala.R.Crim.P., instructs a petitioner filing a petition pursuant to Rule 32 that a Rule 32, Ala.R.Crim.P., petition "must be legibly handwritten or typewritten, and must be signed by the petitioner or petitioner's attorney under penalty of perjury."
A properly executed power of attorney allows an individual (hereinafter "the agent") to represent, and to make decisions for, the principal; however, it does not allow the agent to act as an attorney for the principal. The Alabama Legislature has regulated the practice of law:
"(a) Only such persons as are regularly licensed have authority to practice law.
"(b) For the purposes of this chapter, the practice of law is defined as follows:
"Whoever,
"(1) In a representative capacity appears as an advocate or draws papers, pleadings or documents, or performs any act in connection with proceedings pending or prospective before a court or a body, board, committee, commission or officer constituted by law or having authority to take evidence in or settle or determine controversies in the exercise of the judicial power of the state or any subdivision thereof...."
§ 34-3-6, Ala.Code 1975.
"Although the law allows [a petitioner] to file [his own petition] pro se, it does *460 not allow [a petitioner] to file a [petition] on behalf of anyone else....
"The purpose of § 34-3-6 is to ensure that laymen do not serve others in a representative capacity in areas that require the skill and judgment of a licensed attorney."
Godwin v. State ex rel. McKnight, 784 So.2d 1014, 1015 (Ala.2000)(a complaint filed on behalf of another not permitted).
"No private contract can authorize the unauthorized practice of the law. In re Battelle Mem'l Inst., 170 N.E.2d 774, 782 (Ohio Com.P1.1960)(rev'd on other grounds). See also Herndon v. Lee, 281 Ala. 61, 199 So.2d 74, 78 (1967) (affirming injunction granted to candidate for elected office to enjoin placing the name of another candidate on general election ballot because the petition was not presented by an attorney to court); Ramada Inns, Inc. v. Lane & Bird Advertising, Inc., 102 Ariz. 127, 426 P.2d 395, 396-97 (1967) (finding defendant's answer defective because not signed by an attorney, following the position taken by the vast majority of jurisdictions); Leonard v. Walsh, 73 Ill.App.2d 45, 220 N.E.2d 57, 59 (1966) (citing Robb v. Smith, 4 Ill. 46 (1841) (holding that no person can commence or maintain an action in a court of record as `agent' for another unless he is a regularly licensed attorney))."
Telephone Man, Inc. v. Hinds County, 791 So.2d 208, 211 (Miss.2001).
"Because the petition was not presented by an attorney authorized to represent litigants before this court, the petition is due to be and is stricken." Herndon v. Lee, 281 Ala. 61, 66, 199 So.2d 74, 78 (1967)(petition was not presented by an attorney to court). "Only such persons as are regularly licensed have authority to practice law." Id.
Because nothing in the record suggests that Thomas Thornton is a licensed attorney in the State of Alabama and because Rule 32.6(a), Ala.R.Crim.P., specifically requires that the petitioner or his attorney must verify the claims contained in the petition, the instant petitions were not properly filed. Thus, the circuit court was without jurisdiction to rule on the petitions.
"`"Because [appellant's] Rule 32 petition was not filed in the form required by ... Rule 32.6(b), [Ala.R.Crim.P.], the petition was due to be returned to the appellant with instructions to file a verified petition in the proper form. Therefore, jurisdiction of this case is transferred to the trial court with instructions to set aside its order denying the petition and to return the petition to [appellant] so that he can have the opportunity to file a petition in the proper form."'"
Crapps v. State, 822 So.2d 447, 448 (Ala. Crim.App.2000) (quoting Crapps v. State, 723 So.2d 775, 776 (Ala.Crim.App.1998), quoting in turn Banks v. State, 658 So.2d 511, 512 (Ala.Crim.App.1994)). The circuit court should allow Michael Thornton and Kenneth Thornton a reasonable time, not less than 60 days, to file properly verified petitions and the date of these petitions should relate back to the date of the original petitions.
APPEALS DISMISSED.
McMILLAN, P.J., and WISE, J., concur; SHAW, J., concurs specially, with opinion; BASCHAB, J., concurs in the result.
SHAW, Judge, concurring specially.
I agree with the majority that the petitions filed by Thomas Thornton on behalf of his brothers, Michael Thornton and Kenneth Thornton, were not properly filed in circuit court and, therefore, that the circuit court did not have jurisdiction to *461 rule on the petitions. I write specially only to make the following observations.
Rule 32.6(a), Ala.R.Crim.P., addresses the commencement of the proceedings; it provides in relevant part:
"A proceeding under this rule is commenced by filing a petition, verified by the petitioner or the petitioner's attorney, with the clerk of the court.... The petition should be filed by using or following the form accompanying this rule. If that form is not used or followed, the court shall return the petition to the petitioner to be amended to comply with the form."
(Emphasis added.) Rule 32.7(c), Ala. R.Crim.P., discussing the appointment of counsel, provides:
"If the court does not summarily dismiss the petition, and if it appears that the petitioner is indigent or otherwise unable to obtain the assistance of counsel and desires the assistance of counsel, and it further appears that counsel is necessary to assert or protect the rights of the petitioner, the court shall appoint counsel."
In addition, Rule 32.8, Ala.R.Crim.P., states that "[i]n order to expedite the proceeding, the court may hold a prehearing conference, at which the petitioner need not be present if he or she is represented by counsel who is present."
As noted by the majority, the appendix to Rule 32 provides the form to be used for petitions filed pursuant to Rule 32, Ala. R.Crim.P. The instructions for that form provide, in relevant part:
"(1) This petition must be legibly handwritten or typewritten, and must be signed by the petitioner or petitioner's attorney under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury."
Additionally, the form itself provides for the "Petitioner's verification under oath subject to penalty for perjury ... OR* Attorney's verification under oath subject to penalty for perjury." The form explains the asterisk beside "OR" as follows: "If petitioner is represented by counsel, Rule 32.6(a) permits either petitioner or counsel to verify the petition."[2]
After examining the aforementioned sections of Rule 32, I agree that Rule 32 contemplates the verification of the petition only by (1) the petitioner or (2) the petitioner's legal counsel or attorney, i.e., someone duly licensed and authorized to engage in the practice of providing legal representation in the State of Alabama. I too find nothing in the provisions of Rule 32 allowing for a layperson, i.e., a nonattorney, to verify that the material allegations contained in the petition are true. Had the Supreme Court intended to authorize the verification of a petition by an attorney-in-fact, i.e., one exercising a power of attorney, it could easily have said so *462 in the rule. It did not. Thomas Thornton cannot verify as true the assertions in his brothers' petitions, and the record does not indicate that he is an attorney licensed to practice law in the State of Alabama. Therefore, I concur to remand this case to the circuit court for that court to return the petitions to the petitioners and to allow them a reasonable time in which to amend their petitions to conform to the requirements of Rule 32.6(a).
NOTES
[1] The petitions alleged that the petitioners entered into a negotiated plea with the State, with the express approval of the victims, pursuant to which, in exchange for guilty pleas, the State and victims agreed not to object when the petitioners became eligible for parole. However, according to petitioners, the agreement was not honored when in February of 2002, the victims and individuals representing the State testified before the parole board requesting that the petitioners be denied parole. The petitioners assert that at this time, the plea became invalid and that they became entitled as a matter of law to withdraw their guilty plea and demand a trial by jury. The petitioners also argue that this action is in the nature of the presentment of newly discovered evidence and, therefore, that the petitions were timely filed within six months of the discovery of the evidence. Attached as an exhibit to the petitions is what appears to be a portion of the transcript from the petitioners' sentencing hearing. This transcript reflects the trial court's comment to the parties "commend[ing] both sides for reaching a negotiated settlement in the case that I think benefits all of us." (C. 31.) The details of the negotiated plea agreement are not contained in this part of the transcript. However, in the event the instant petitions are refiled in the proper form, we note for the benefit of the circuit court that, "[w]hen the State does not respond to a petitioner's allegations, the unrefuted statement of facts must be taken as true. Chaverst v. State, 517 So.2d 643, 644 (Ala.Cr.App.1987)." Smith v. State, 581 So.2d 1283, 1284 (Ala.Crim.App.1991).
[2] I recognize that Rule 36, Ala.R.Crim.P., cautions that the forms contained in the Appendix of Forms to the Alabama Rules of Criminal Procedure are provided only as examples and "have not been approved or adopted by the Alabama Supreme Court as officially approved forms." However, the form for petitions for postconviction relief is not included in the Appendix of Forms; rather, it is an appendix to Rule 32 itself, and is referenced in the rule. See Rule 32.6(a)("The petition should be filed by using or following the form accompanying this rule. If that form is not used or followed, the court shall return the petition to the petitioner to be amended to comply with the form."). I believe that this strongly suggests that that particular form has been approved by the Supreme Court, and the language in the form clearly explains that the word "attorney," as it is used in the form and in Rule 32.6(a), means the petitioner's counsel, i.e., his attorney-at-law.