Joe Coleman appeals from the circuit court's summary dismissal of his Rule 32, Ala. R.Crim. P., petition. The petition sought post-conviction relief from his 1964 conviction for first-degree murder. Coleman was sentenced to life imprisonment. No direct appeal was taken from this conviction. The circuit court found that Coleman has filed six prior post-conviction petitions and in each case, summary dismissal was affirmed on direct appeal.[1] The circuit court dismissed the instant petition ruling that it is a successive petition, that *Page 1100 
it exceeds the limitations period of Rule 32.2(c), Ala. R.Crim. P., and that there is no material issue of law or fact that would entitle Coleman to relief.
We do not have to consider the grounds for dismissal presented by the circuit court. Coleman's instant Rule 32, Ala. R.Crim. P., petition was not in compliance with Rule 32.6(a), in that his petition was not verified.[2] Rule 32.6(a), Ala. R.Crim. P., states that, "[a] proceeding under this rule is commenced by filing a petition, verified by the petitioner or petitioner's attorney, with the clerk of court." (Emphasis added.) "Verification" is defined in Black's Law Dictionary (7th ed. 1999), as "[a] formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document." The Rule 32, Ala. R.Crim. P., form provides a place for a notary's signature.
 "Because Rule 32.6(a), Ala.R.Crim.P., specifically requires that the petitioner or his attorney must verify the claims contained in the petition, the instant petitions were not properly filed. Thus, the circuit court was without jurisdiction to rule on the petitions.
 "`"`Because [appellant's] Rule 32 petition was not filed in the form required by . . . Rule 32.6(b), [Ala.R.Crim.P.], the petition was due to be returned to the appellant with instructions to file a verified petition in the proper form. Therefore, jurisdiction of this case is transferred to the trial court with instructions to set aside its order denying the petition and to return the petition to [appellant] so that he can have the opportunity to file a petition in the proper form.'"'"
 "Crapps v. State, 822 So.2d 447, 448 (Ala.Crim.App. 2000) (quoting Crapps v. State, 723 So.2d 775, 776
(Ala.Crim.App. 1998), quoting in turn Banks v. State, 658 So.2d 511, 512 (Ala.Crim.App. 1994))."
Thornton v. State, 859 So.2d 458, 460 (Ala.Crim.App. 2003).
The circuit court should allow Coleman a reasonable time, not less than 60 days, to file a properly verified petition and the date of that petition should relate back to the date of the original petition.
APPEAL DISMISSED.
McMILLAN, P.J., and BASCHAB, SHAW, and WISE, JJ., concur.
[1] According to this Court's memorandum of August 16, 2002, Coleman has filed eleven prior post-conviction petitions.Coleman v. State, (No. CR-01-0805, August 16, 2002)868 So.2d 482 (Ala.Crim.App. 2002) (table).
[2] Coleman acknowledges that, in his petition as originally filed, he forgot to sign the verification form. He mailed the circuit court a second verification form and ask the circuit court to accept his signature on this second form as verification of his petition under penalty of perjury pursuant to28 U.S.C. § 1746.