The appellant, Daniel M. Kelley, appeals the denial, on the merits, of his petition for postconviction relief filed pursuant to Rule 32, Ala.R.Crim.P. However, we note that Kelley's Rule 32 petition filed in the circuit court was not signed in the presence of a notary public. The question thus presented in this case is can a Rule 32 petition meet the verification requirements of Rule 32.6(a), Ala.R.Crim.P., if it is not signed in the presence of a notary public.
Kelley's Rule 32 petition contains the following sentence: "I, Daniel M. Kelley, swear under penalty of perjury that [the] foregoing is true and correct to the best of my recollection and knowledge." Kelley's signature appears below the sentence. There is no other signature on the petition.
Rule 32.6(a), Ala.R.Crim.P., sets out the requirements for a Rule 32 petition. It states, in part:
 "A proceeding under this rule is commenced by filing a petition, verified by the petitioner or the petitioner's attorney, with the clerk of the court. A petition may be filed at any time after entry of judgment and sentence (subject to the provisions of Rule 32.2(c)). The petition should be filed by using or following the form accompanying this rule. If that form is not used or followed, the court shall return the petition to the petitioner to be amended to comply with the form."
(Emphasis added.) The approved form accompanying Rule 32 contains the following provision regarding verification:
 "PETITIONER'S VERIFICATION UNDER OATH
 "SUBJECT TO PENALTY FOR PERJURY
"I swear (or affirm) under penalty of perjury that the foregoing is true and correct.
Executed on _________.
 (Date)
 "____________________
 "Signature of Petitioner
"SWORN TO AND SUBSCRIBED before me this the _____ day of _________, 19 ____.
 "_____________________
 "Notary Public
 "OR "ATTORNEY'S VERIFICATION UNDER OATH "SUBJECT TO PENALTY FOR PERJURY *Page 1127 
"I swear (or affirm) under penalty of perjury that, upon information and belief, the
foregoing is true and correct. Executed on _________.
 (Date)
 "_______________________
 "Signature of Petitioner's
 Attorney
"SWORN TO AND SUBSCRIBED before me this the _____ day of _____, 19 ___.
 "_________________________
 "Notary Public
"Name and address of attorney representing petitioner in this
proceedings (if any)
"_____________________
"_____________________"

Rule 32.6(a) specifically provides that the petition must be "verified" by the petitioner or the petitioner's attorney. The Supreme Court has set out what constitutes sufficient verification for purposes of a Rule 32 petition in the form that accompanies Rule 32. The form clearly contains a place for the signature of a notary public. Rule 32 and the form accompanying the rule were adopted by the Alabama Supreme Court,[1] and we are bound by the procedural rules adopted by the Supreme Court.
As we recently stated in Coleman v. State, 911 So.2d 1099,1100 (Ala.Crim.App. 2004):
 "`Verification' is defined in Black's Law Dictionary (7th ed. 1999), as `[a] formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document.' The Rule 32, Ala.R.Crim.P., form provides a place for a notary's signature."
See also Thornton v. State, 859 So.2d 458 (Ala.Crim.App. 2003).[2]
This Court is not unsympathetic to the position in which an incarcerated petitioner finds himself when he seeks to file a properly verified Rule 32 petition. However, this Court has no authority to amend the Rules of Criminal Procedure. The sole responsibility for doing so rests with the Alabama Supreme Court. See § 6.11, Amend. No. 328, Ala. Const. 1901, and § 12-2-7(4), Ala. Code 1975. We invite that Court to address the problem faced by an incarcerated individual who attempts to file a properly verified Rule 32 petition.
Because the Rule 32 petition in this case was not signed in the presence of a notary public as required by Rule 32.6(a), Ala.R.Crim.P., the circuit court had no jurisdiction to consider the merits of the Rule 32 petition. Moreover, a void judgment will not support an appeal. See Ex parte McWilliams,812 So.2d 318 (Ala. 2001).
As we stated in Thornton: *Page 1128 
"[B]ecause Rule 32.6(a), Ala.R.Crim.P., specifically requires that the petitioner or his attorney must verify the claims contained in the petition, the instant petitions were not properly filed. Thus, the circuit court was without jurisdiction to rule on the petitions.
 "`"`Because [appellant's] Rule 32 petition was not filed in the form required by . . . Rule 32.6(b), [Ala.R.Crim.P.], the petition was due to be returned to the appellant with instructions to file a verified petition in the proper form. Therefore, jurisdiction of this case is transferred to the trial court with instructions to set aside its order denying the petition and to return the petition to [appellant] so that he can have the opportunity to file a petition in the proper form.'"'"
 "Crapps v. State, 822 So.2d 447, 448 (Ala.Crim.App. 2000) (quoting Crapps v. State, 723 So.2d 775, 776
(Ala.Crim.App. 1998), quoting in turn Banks v. State, 658 So.2d 511, 512 (Ala.Crim.App. 1994))."
859 So.2d at 460.
Accordingly, the circuit court is directed to return the petition to Kelley so that he may have an opportunity to file the petition in the proper form. The filing date for Kelley's amended petition shall relate back to the date the original petition was filed in the circuit court. If the ruling on the properly filed Rule 32 petition is adverse to Kelley, then Kelley should file a new notice of appeal within 42 days of the date of the ruling on the amended petition.
APPEAL DISMISSED.
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur; SHAW, J., concurs in the result.
[1] According to § 12-2-7, Ala. Code 1975, the Supreme Court shall have the authority "[t]o make and promulgate rules governing the administration of all courts and rules governing practice and procedure in all courts. . . ." Section 6.11 of Amendment No. 328, The Judicial Article, Alabama Constitution of 1901, contains the same language.
[2] Habeas corpus petitions are specifically governed by §15-21-4, Ala. Code 1975. That section states that the petition "must be verified by the oath of the applicant to the effect that the statements therein contained are true to the best of his knowledge, information and belief." It contains no requirement that the petition must be signed in the presence of a notary public. See Ex parte Corbitt, 468 So.2d 92 (Ala. 1985); O'Suchv. State, 423 So.2d 317 (Ala.Crim.App. 1982).