Lorenzo Smith appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked the 23-year sentence imposed for his 1992 guilty-plea conviction for murder. Smith did not appeal his conviction and sentence.
Smith filed his petition on June 27, 2004. In his petition, Smith alleged that his sentence should be vacated and he should be resentenced because, he said, he was not provided with a copy of the presentence report before he was sentenced, as required by Rule 26.3(c), Ala.R.Crim.P. After receiving a response from the State, the circuit court summarily denied the petition on September 7, 2004.
 I.
Smith's petition was not properly verified as required by Rule 32.6(a), Ala.R.Crim.P. Therefore, we must determine whether the circuit court had jurisdiction to rule on Smith's petition in light of Kelley v. State, 911 So.2d 1125 (Ala.Crim.App. 2004);Coleman v. State, 911 So.2d 1099 (Ala.Crim.App. 2004); andThornton v. State, 859 So.2d 458 (Ala.Crim.App. 2003).
In Thornton, Thomas Thornton, exercising a duly appointed power of attorney, verified and filed separate Rule 32 petitions in the Jefferson Circuit Court on behalf of his brothers Michael Thornton and Kenneth Thornton. The circuit court summarily denied the petitions. Although the State did not raise the lack of proper verification as an issue on appeal, this Court took notice that the Thorntons' petitions were not properly verified and held that Rule 32 contemplates the verification of a petition only by (1) the petitioner or (2) the petitioner's legal counsel, i.e., someone duly licensed and authorized to engage in the practice of providing legal representation in the State of Alabama. For the reasons stated in this Court's opinion in Thornton, we adhere to that specific holding.
After concluding in Thornton that the petition had not been properly verified, we dismissed the appeals, stating "that the petitions were not properly verified and, thus, that the circuit court did not have jurisdiction to rule on the petitions."859 So.2d at 459. We then stated that "[t]he circuit court should allow Michael Thornton and Kenneth Thornton a reasonable time, not less than 60 days, to file properly verified petitions and the date of those petitions should relate back to the date of the original petitions." 859 So.2d at 460. *Page 143 
In Coleman, Joe Coleman appealed from the circuit court's summary denial of his Rule 32 petition. Again, although the State did not raise the lack of proper verification as an issue on appeal, without considering the grounds relied on by the circuit court in denying the petition we took notice that Coleman's petition was not properly verified and held that the circuit court had no jurisdiction to rule on the unverified petition. We then dismissed the appeal, stating that "[t]he circuit court should allow Coleman a reasonable time, not less than 60 days, to file a properly verified petition and the date of that petition should relate back to the date of the original petition."911 So.2d at 1100.
In Kelley, Daniel Kelley appealed the denial, on the merits, of his Rule 32 petition. Without addressing the merits of the petition, we took notice that Kelley's petition was not properly verified; we held that because Kelley had not signed his petition in the presence of a notary public, the petition was not properly verified. For the reasons stated in this Court's opinion inKelley, we adhere to that specific holding.
After concluding in Kelley that the petition had not been properly verified, we dismissed the appeal, holding that the circuit court had no jurisdiction to consider the merits of the Rule 32 petition and stating:
 "Accordingly, the circuit court is directed to return the petition to Kelley so that he may have an opportunity to file the petition in the proper form. The filing date for Kelley's amended petition shall relate back to the date the original petition was filed in the circuit court. If the ruling on the properly filed Rule 32 petition is adverse to Kelley then Kelley should file a new notice of appeal within 42 days of the date of the ruling on the amended petition."
911 So.2d at 1128.
Thornton Coleman, and Kelley are similar in several respects. First, because this Court was of the opinion that the lack of proper verification of a Rule 32 petition deprived the circuit court of subject-matter jurisdiction to entertain the petition, we took notice and addressed the verification issue in all three cases, even though the issue had not been raised. SeeLanier v. State, 733 So.2d 931 (Ala.Crim.App. 1998) (noting that this Court can address an issue involving subject-matter jurisdiction at any time, even if the issue is not raised on appeal). Second, and for the same reason, we dismissed all three appeals. Third, although we held that each petition was a nullity as far as establishing subject-matter jurisdiction, we nonetheless held that the petition was sufficient to toll the limitations period in Rule 32.2(c), and we allowed each petitioner the opportunity to file another petition, with the filing date for the new petition to relate back to the date the original petition was filed in the circuit court.[1]
Thornton was the first case in which this Court held that the lack of proper verification, as required by Rule 32.6(a), constituted a jurisdictional defect that deprived the circuit court of authority to act on a Rule 32 petition. We adhered to that holding in Coleman and again in Kelley. However, we are now concerned that our holding in Thornton may have been unnecessarily broad; that our interpretation of the verification requirement in Rule 32.6(a) as being a prerequisite to subject-matter jurisdiction *Page 144 
will inevitably lead to unnecessary expense and delay and consequently place an additional burden on an already overburdened court system; and that our interpretation may be inconsistent with the Alabama Supreme Court's intent in adopting the verification requirement in Rule 32.6(a). Thus, we take the opportunity presented by this case to reexamine our holdings inKelley, Coleman, and Thornton.[2] In so doing, the issue we focus on is whether lack of proper verification of a Rule 32 petition is a jurisdictional defect, necessitating the dismissal of an appeal from a ruling on a jurisdictionally defective petition, or whether lack of proper verification constitutes only a defect in the form of the petition that is subject to waiver.
Rule 32.6(a), which deals with the form, filing, and service of a Rule 32 petition, provides, in pertinent part:
 "A proceeding under this rule is commenced by filing a petition, verified by the petitioner or the petitioner's attorney, with the clerk of the court. . . . The petition should be filed by using or following the form accompanying this rule. If that form is not used or followed, the court shall return the petition to the petitioner to be amended to comply with the form. . . .
 "Upon receipt of the petition and the filing fee, or an order granting leave to the petitioner to proceed in forma pauperis, the clerk shall file the petition. . . ."
It is well established that words used in procedural rules adopted by the Alabama Supreme Court must be given their plain meaning. See Ingram v. State, 882 So.2d 374 (Ala.Crim.App. 2003). In analyzing the language of Rule 32.6(a), the problem is not that there is no rational way to understand the words as they are written; the problem is that there is more than one rational way to understand those words, i.e., there is no single "plain meaning." See, e.g., Ex parte National Western Life Ins. Co.,899 So.2d 218, 223 (Ala. 2004) (noting that "`only if there is no rational way to interpret the words [of the statute] as stated will we look beyond those words to determine legislative intent'").
The Alabama Rules of Criminal Procedure were promulgated by the Alabama Supreme Court pursuant to its rule-making power. In construing one of those rules, in a situation where the wording of the rule is not clear, this Court must attempt to ascertain and effectuate the intent of the Alabama Supreme Court as set out in the rule. This intent may be gleaned from the language used, the reason and necessity for the rule, and the purpose of the rule. See Dutell v. State, 596 So.2d 624 (Ala.Crim.App. 1991).
In Thornton, we interpreted the first sentence of Rule 32.6(a) — that "[a] proceeding . . . is commenced by filing a petition, verified by the petitioner or the petitioner's attorney, with the clerk of the [circuit] court" — as making proper verification an indispensable part of a petition. The rationale of Thornton, although not clearly stated in the opinion, was that an unverified petition has no operative effect when filed and, therefore, that it cannot invoke the circuit court's subject-matter jurisdiction. This Court treated the first sentence in Rule 32.6(a) the same as the second paragraph of Rule 32.6(a) has consistently been treated. The second paragraph of Rule 32.6(a), provides, in part, that "[u]pon receipt of the petition and the *Page 145 
filing fee, or an order granting leave to the petitioner to proceed in forma pauperis, the clerk shall file the petition. . . ." In Ex parte Carter, 807 So.2d 534 (Ala. 2001), the Alabama Supreme Court, citing the language in the second paragraph of Rule 32.6(a), held that the failure to collect the filing fee or to approve an affidavit of substantial hardship deprived the circuit court of subject-matter jurisdiction. The Court held, in effect, that the petition could not be considered filed until the necessary filing fee had been paid or the petitioner had been declared indigent. Based on Ex parte Carter
and related cases from both this Court and the Alabama Supreme Court discussing the jurisdictional implications of not collecting a filing fee or approving an affidavit of substantial hardship, see Ex parte McWilliams, 812 So.2d 318 (Ala. 2001); Ex parteSt. John, 805 So.2d 684 (Ala. 2001); and Goldsmith v. State,709 So.2d 1352 (Ala.Crim.App. 1997), this Court in Thornton
concluded that the Supreme Court intended the verification requirement to be a jurisdictional prerequisite, in the same way as the payment of the filing fee or the alternative granting ofin forma pauperis status.
However, further research indicates that there is considerable authority calling into question the correctness of our conclusion that an unverified Rule 32 petition has no operative effect when filed, and, in hindsight, we think that that conclusion, although certainly plausible, is not necessarily dictated by the language of Rule 32.6(a). Another equally plausible interpretation of the first sentence in Rule 32.6(a) is that the Supreme Court understood the verification requirement to be significant for purposes of securing good faith in the averments of the petition and providing the legal underpinning for a perjury prosecution, but did not intend for the requirement to have jurisdictional implications. In this respect, we note that the second sentence in Rule 32.6(a) specifically contemplates that defects in the form of the petition are not grounds for dismissal of the petition but are readily curable by amendment, and both the Supreme Court and this Court have held that defects in the form of a Rule 32 petition in no way implicate the jurisdiction of the circuit court. See, e.g., Young v. State, 667 So.2d 141 (Ala. 1995); Norwood v. State, 770 So.2d 1113 (Ala.Crim.App. 2000); and Davis v. State, 784 So.2d 1082 (Ala.Crim.App. 2000). Furthermore, in Garrett v. State, 644 So.2d 977 (Ala.Crim.App. 1994), this Court held that the timely filing of a Rule 32 petition that is not in the proper form nonetheless tolls the limitations period of Rule 32.2(c), and that an "amended petition," i.e., one that adheres to the form requirements of Rule 32, relates back to the date of the filing of the original petition, provided the amended petition is filed within a reasonable time following the order of the court returning the original petition. Under the Garrett line of cases, the filing of the original petition, although defective in form, operates to invoke the subject-matter jurisdiction of the circuit court.
In order to determine whether the Supreme Court intended the lack of proper verification to be a defect in form, as opposed to jurisdiction, we must look more closely at the nature and purpose of Rule 32 and, in doing so, we must bear in mind Rule 1.2, Ala.R.Crim.P., applicable to Rule 32,[3] which cautions that the Rules of Criminal Procedure must "be construed to secure *Page 146 
simplicity in procedure, fairness in administration, and the elimination of unnecessary delay and expense, and to protect the rights of the individual while preserving the public welfare."
It is generally understood that Rule 32 was intended to provide a simplified procedure for obtaining postconviction review and that the rule was designed to provide a procedure for securing the benefits of either habeas corpus or coram nobis review, if proper grounds as set out in the rule are shown. Rule 32 did not abolish the substantive right to postconviction review under the statutory remedy of habeas corpus; it merely changed the procedure for seeking habeas corpus relief in most situations, which had been previously governed by the procedures set out in §§ 15-21-1 through -34. See Drayton v. State, 600 So.2d 1088
(Ala.Crim.App. 1992), overruled on other grounds, Maddox v.State, 662 So.2d 915 (Ala. 1995); Rule 32.4. Thus, the law on habeas corpus petitions is instructive.
Although § 15-21-4, Ala. Code 1975, provides that a petition for a writ of habeas corpus "must be verified by the oath of the applicant to the effect that the statements therein contained are true to the best of his knowledge, information and belief," this mandatory verification requirement has not been interpreted to be a jurisdictional prerequisite. Instead, it is well established in Alabama that the failure to verify a habeas corpus petition constitutes a pleading defect that warrants dismissal of the petition for failure to state a proper claim for relief. See the cases collected at 29 Ala. Digest 2d Habeas Corpus § 673 (2002). This Court has held that niceties of pleading are not favored in statutory habeas proceedings; however, under our caselaw, the failure to verify a habeas corpus petition is not considered a mere nicety of pleading that should be disregarded. Instead, a habeas corpus petition that is not properly verified is subject to be dismissed, without prejudice to refile, and that dismissal is subject to affirmance on appeal. In short, an unverified petition for a writ of habeas corpus, although considered to be insufficiently pleaded, is not treated as jurisdictionally defective. Similarly, it also appears from our research that an unverified petition for the common law writ of error coram nobis was not treated as jurisdictionally defective. See, e.g., Gwin v. State, 456 So.2d 845 (Ala.Crim.App. 1984) (noting that the petition was not verified but nonetheless affirming the circuit court's denial of the petition). In light of the Supreme Court's admonition in Rule 1.2 to construe Rule 32 "to secure simplicity in procedure, fairness in administration, and the elimination of unnecessary delay and expense, and to protect the rights of the individual while preserving the public welfare," we find it most unlikely that in adopting Rule 32 the Supreme Court intended to deviate from existing caselaw governing the verification of petitions seeking habeas corpus or coram nobis review. If it had intended to make such a significant change in established precedent by treating verification of a Rule 32 petition as a jurisdictional prerequisite, we believe that the Court would certainly have made its intent much clearer in the rule.
It is also generally understood that a postconviction proceeding filed pursuant to Rule 32, although touching on criminal matters and governed by the Alabama Rules of Criminal Procedure, is basically civil in nature, with the burden resting on the petitioner to properly plead and prove by a preponderance of the evidence that he or she is entitled to relief under one of the stated grounds in Rule 32.1. See Rule 32.3 and 32.6(b); Hammv. State, 913 So.2d 460 (Ala.Crim.App. 2002); and State v.Hutcherson, 847 So.2d 378 (Ala.Crim. *Page 147 
App. 2001), rev'd on other grounds, 847 So.2d 386 (Ala. 2002). The Rules of Criminal Procedure do not address whether the Rule 32.6(a) verification requirement is jurisdictional in nature; therefore, those rules have no field of operation here even though Rule 32.4 states that they generally apply. Turning, then, to our civil rules, we note that Rule 11, Ala.R.Civ.P., states that "[e]xcept when otherwise specifically provided by rule or statute, pleadings, motions, or other papers need not be verified or accompanied by affidavit." Rule 32.6(a) specifically provides that a Rule 32 petition must be verified. It appears to be the general rule, however, that, even when verification of a civil pleading is required by law, in the absence of a clear indication to the contrary, it is not treated as an indispensable part of the pleading so that the lack of verification must be deemed to vitiate a court's subject-matter jurisdiction.[4] In 61B Am.Jur.2d Pleading § 888 (1999), we find the following:
 "Verification is the confirmation of the correctness, truth, or authenticity of the pleadings. A verification attests to the truthfulness of the allegations contained in a pleading.
 "With the object of securing good faith in the averments of a party, modern codes under the reformed system of procedure contain provisions requiring the verification of pleadings. The verification, however, constitutes no part of a pleading, unless it is otherwise contemplated by statute. Verification of a pleading is not a jurisdictional requirement, and want of verification is not a jurisdictional defect."
(Footnotes omitted.) In 61B Am.Jur.2d Pleading § 897, it is stated:
 "While pleadings are ordinarily signed and verified before filing, the failure to verify a pleading to which an oath is required is generally a defect that can be remedied by amendment. Thus a failure properly to verify a pleading may ordinarily be remedied thereafter. Statutes permitting amendments have been held to be sufficiently broad to permit a pleading, defectively verified, to be verified in open court at the trial. An amended verification of a petition relates back to the date of the petition where the original verification was at most voidable.
 "On the other hand, where a proper verification is jurisdictional and service is constructively made by publication and the defendant does not appear, it has been held that a totally insufficient verification, by one other than the person authorized by statute, may not be remedied after the publication of notice. Similarly, a court may refuse to exercise jurisdiction over a matter under the Federal Rules, when a petition or application is filed without a required verification."
(Footnotes omitted.) And in 61B Am.Jur.2d Pleading the following appears:
 "A defective or imperfect verification may be waived. Like any other formal matter, an absence of, or defect in, verification, is waived by failure to make a proper and timely objection sufficiently specific to inform the pleader of the absence or defect, or it may be expressly waived by agreement between the parties. Thus, want of verification or defective verification may be waived by demurring where the proper method of objecting is by motion to strike, by pleading responsively to an adversary's *Page 148 
pleading, by failing to raise the objection until the case is called for trial, or until the parties have gone to trial on the issues of fact formed by the pleadings, or until after verdict or judgment. Of course, the objection comes too late when made for the first time on appeal.
 "The rule as to waiver is ordinarily likewise applied in respect of the benefit of a statute or rule by which an allegation of the execution or of the consideration of a written instrument must be taken as true unless met by a verified denial. This waiver may be express or implied by failure to object to the unverified plea during the trial of the case. Introduction of evidence to support a written instrument which has met with an unverified denial has been held to indicate a waiver of the verification required by statute or rule.
 "Where the absence of a proper verification affects the jurisdiction of the court to render any judgment in the cause, a vital defect in the verification is one which, it has been held, will not be waived by failure to object. Thus, it has been held that a default judgment may be collaterally attacked where there was no verification by the only party authorized to execute the necessary affidavit, under a statute which contemplates that the verification is jurisdictional."
(Footnotes omitted.)
This same general discussion of the verification requirement with respect to pleadings also appears in 71 C.J.S. Pleading §§ 486 and 488 (2000) as follows:
 "A verification of a pleading means that it contains a confirmation as to the truthfulness or authenticity of its contents. Thus, it is a statement, under oath, that the pleading is true. It includes both the actual swearing to the truth of the statements by the subscriber and also the certification thereto by a notary or other officer authorized by law to administer oaths. The verification is designed to secure the good faith in the averments of a party.
 "Under the Federal Rules of Civil Procedure, pleadings need not be verified or accompanied by affidavit, except when otherwise specifically provided by rule or statute. Similarly, the pleadings in civil actions need not, in general, be verified, where no verification is required under a state statute or rule of court. However, a number of statutes or rules have made it necessary to verify certain pleadings, or pleadings setting up certain causes of action or defenses; and, under some statutes, all pleadings must be verified.
 "Verification ordinarily is not necessary to vest jurisdiction in the court; unless it is required by statute. The absence of verification does not deprive the court of jurisdiction to act, unless a supporting affidavit is clearly made an indispensable part of the pleading.
 "If it is necessary for a plaintiff to verify a demand of a certain character, it is generally necessary for the defendant to verify a similar demand when set up by way of counterclaim or set-off."
________________________
 "Where verification is required, an unverified pleading may, in some jurisdictions, be treated as a nullity. The failure to comply with the requirement to verify a petition renders it incomplete and inoperative. A complaint fails to state a legally cognizable claim absent a submission of an affidavit from a person having knowledge of the facts.
 "A pleading which, under the law, should be verified, cannot, according to some authorities, be considered filed until it is verified, or, if it is filed, it cannot be taken as a complete pleading until it *Page 149 
is verified or the verification is waived by the adverse party.
 "There is authority that unverified pleadings have no effect in presenting issues to the court for consideration at the trial, and an unverified pleading cannot be disregarded without an opportunity being given to the pleader to supply a verification. According to the authorities following the latter rule, the absence of a verification is a mere defect or irregularity in pleading which is not jurisdictional and does not of itself justify a court in refusing to allow the pleading to be filed or in denying a right of recovery or a defense."
(Footnotes omitted.)
The following discussion by the Kansas Supreme Court in In reEstate of Shaffer, 203 Kan. 264, 266-70, 454 P.2d 1, 3-6 (1969), is illustrative of the general rule:
 "This court has held that the failure to verify a pleading which, by statute, is required to be verified does not constitute a jurisdictional defect. In Patterson v. Patterson, 164 Kan. 501, 190 P.2d 887 [(1948)], the plaintiff filed a motion to vacate as void, a judgment of divorce granted her husband on his unverified cross-petition some thirteen years before. This court held the judgment was not void even though the cross-petition was required by statute to be verified. In deciding that the trial court had erred in vacating the judgment, the court declared:
 "`. . . it has been repeatedly held that an imperfect verification, or a lack of verification, does not oust the court of jurisdiction. . . .' (p. 504, 190 P.2d p. 889.)
 "In Pulliam v. Pulliam, 163 Kan. 497, 183 P.2d 220, 1 A.L.R.2d 418 [(1947)] it was held that an improper verification of a petition for divorce was voidable at best and was subject to amendment which would relate back to the date of the original petition.
 "While both the Patterson and Pulliam cases were governed by the code of civil procedure rather than by the probate code, the legal principles involved in applying the provisions of the two codes are not in conflict, nor is any distinction to be drawn between the rules of law relating to matters of jurisdiction, regardless of which code is being considered. The same legal philosophy with respect to statutory construction and interpretation is germane to both codes.
 "A later case concerning the same subject matter, In re Wilkison, 192 Kan. 285, 387 P.2d 152 [(1963)], involved a claim filed against a decedent's estate. In this case, a verified claim was filed in probate court within the nine months permitted by the nonclaim statute. After the time for filing had expired, an amended unverified petition was filed. The case was subsequently transferred to district court, where the first amended pleading was found to be defective for want of verification, and the district court permitted a second amended petition to be filed — which was verified.
 "The administratrix of the estate contended that the original petition, being superseded by the first amended petition, had been eliminated for all practical purposes, and that the first amended pleading, being unverified, was not subject to further amendment. Therefore, it was argued, the claimant had no petition whatever on file within the time permitted by statute. In rejecting that argument this court said:
 "`G.S. 1949, 59-2201, provides that every application in a probate proceeding shall be by petition signed and verified by or on behalf of the petitioner, and that no defect in form *Page 150 shall impair substantial rights. When this matter was transferred to the district court that tribunal was authorized to require pleadings to be filed or amended (G.S. 1949, 59-2408) as though it had had original jurisdiction of the matter. Under the broad power given by G.S. 1949, 60-759, the court was authorized to permit the amendment of the first amended petition by verification. Examination of the original petition which was filed within the statutory time for filing claims establishes that it fully apprised the administratrix of the facts and nature of the claim against the estate. The two amended petitions were merely an enlargement and amplification of the original petition, and all were based upon the same claim for relief. . . .' (Emphasis supplied.) (pp. 286, 287, 387 P.2d p. 153.)
 "The rationale which undergirds the foregoing decisions is in complete harmony with the modern view followed in many, if not most, jurisdictions. In 1A Barron and Holtzoff, Federal Practice and Procedure, § 333, pp. 270, 271, the authors say:
 "`. . . The trend of enlightened opinion is away from "the all too barren formality of an oath to pleadings". . .' (quoting, Clark, Simplified Pleadings, 1942, 2 F.R.D. 456, 463.)
"`. . . .
 "`Even if the statute requires verification, the filing of an unverified complaint will commence the action so as to toll the statute of limitations. Despite the requirement of verification, the law is definite and well settled that any objections to lack of verification must be raised immediately or not at all. Imperfect verification of a pleading is not a jurisdictional defect and is amendable under Rule 15.'
 "A federal case, In re Royal Circle of Friends Bldg. Corporation, 159 F.2d 539 [(7th Cir. 1947)], is cited by Barron and Holtzoff in support of the foregoing text. In that case, the United States Circuit Court of Appeals, for the 7th Circuit, stated:
 "`We conclude that the requirement of verification is not jurisdictional in the strict sense. . . .' (p. 541.)
 "The general rule appears well stated in 41 Am.Jur., Pleading, § 279, p. 483, in this language:
 "`With the object of securing good faith in the averments of a party, modern codes under the reformed system of procedure contain provisions requiring the verification of pleadings. The verification, however, constitutes no part of a pleading, unless it is otherwise contemplated by statute, and is not ordinarily necessary to vest jurisdiction in the courts.'
 "Cases from numerous jurisdictions announce adherence to this rule. In Board of Education of San Francisco Unified School District v. Mulcahy, 50 Cal.App.2d 418, 123 P.2d 114 [(1942)], the California court spoke in these words:
 "`. . . While it is true that in certain actions, such as to quiet title, and practically all special proceedings, the law requires the complaint or petition to be verified, it is the established rule that failure to do so constitutes only a defect in pleading not affecting the jurisdiction of the court. . . .' (p. 423, 123 P.2d p. 118.)
 "In adjudicating the same issue in Dean et al. v. First Nat'l Bank et al., 217 Or. 340, 341 P.2d 512
[(1959)], the Oregon Supreme Court said: *Page 151 
 "`We have before said that a verification is merely a formal matter and described a want of a proper verification as a mere irregularity. . . .' (p. 349, 341 P.2d p. 516.)
 "A recent case from New Jersey, Preparatory Temple, etc. v. Seery, 81 N.J.Super. 429, 195 A.2d 900
[(1963)], involved an in rem tax foreclosure action in which a judgment of foreclosure had been entered against the property owner despite the fact that the complaint had not been verified. In holding the requirement of verification was directional only, the court declared:
 "`. . . It is a purely procedural direction which is formal but does not go to the essence of the law with regard to requirements for jurisdiction of the courts. The plaintiff has received no lesser day in court, and has not shown to the satisfaction of the court that he has been in any way prejudiced or harmed by the omission. . . .' (pp. 433, 434, 195 A.2d p. 903.)
 "(See, also, People ex rel. N.Y. City Omnibus Corp. v. Miller, 282 N.Y. 5, 24 N.E.2d 722 [(1939)]; Jacobs et al. v. Allister, 122 N.Y.S.2d 826 [(1953)]; Crist v. Tallman, 190 Iowa 1248, 179 N.W. 522 [(1920)]; Wise v. Outtrim, 139 Iowa 192, 117 N.W. 264, 130 Am.St.Rep. 301 [(1908)]; Gregerson v. Collins, 80 Nev. 452, 396 P.2d 27 [(1964)]; 71 C.J.S. Pleading § 345, pp. 744, 745.)
 "It must be conceded that this court, under early decisions, has held that an unverified petition filed pursuant to K.S.A. 59-2201 is subject to a motion to strike. (Warner v. Warner, 11 Kan. 121 [(1873)]; Clawson v. McCune's Adm'r, 20 Kan. 337 [(1878)].) However, we have never held nor do we now view an unverified petition to be a nullity, defying amendment. The prevailing rule in this respect is set forth in 41 Am.Jur., Pleading, § 286, p. 487:
 "`Pleadings are ordinarily signed and verified prior to their filing. But a failure properly to verify a pleading may ordinarily be remedied thereafter. Thus, statutes permitting amendments have been held to be sufficiently broad to permit a pleading, defectively verified, to be verified in open court at the trial. . . .'
 "This principle was recognized in Kimel, Executor, v. Briggs, 183 Kan. 315, 328 P.2d 746 [(1958)], where the district court had granted the defendant leave to verify his answer and had overruled the plaintiffs' motion for judgment on the pleadings. In dismissing an appeal taken from those rulings, this court observed that `the record did not disclose whether the defendant complied by filing the verification. Presumably the defendant may still comply.' Further recognition of the rule is found in Dubbs v. Haworth, 102 Kan. 603, 171 Pac. 624
[(1918)], where it was held that the failure to verify a claim filed in probate court is a defect which may be waived.
 "Moreover, the view is generally held that when an amendment is made, it dates back to the time of the original petition. (Pulliam v. Pulliam, supra.) The rule is phrased in 71 C.J.S. Pleading § 358, p. 761, in this fashion:
 "`The verification of a complaint, as well as the complaint itself, speaks as of the time when the action was commenced by filing the complaint. It is sufficient if it was then true.'
 "The same principle finds expression in Dean et al. v. First Nat'l Bank et al. supra, at pages 349, 350, 341 P.2d at page 517:
 "`The verification of a complaint speaks as of the time when the action was commenced by filing the complaint *Page 152 
or petition and is sufficient if it was then true. . . .
 "`. . . But the verification does not constitute any part of the pleadings and cannot render it defective. 1 Bancroft, Code Pleading, 716, § 500. It adds no allegation. It tenders no issue. It is, as we have said, a formal matter, the omission or imperfection of which does not rise above the status of a mere irregularity that may be waived or cured by amendment. Its defects do not vitiate jurisdiction. . . .'
 "Our conclusion is that verification of a petition under K.S.A. 59-2201 is not a prerequisite to its being filed, but is a matter of form which falls under the aegis of that part of the statute providing that `no defect in form shall impair substantial rights.'"
We also note the following statement in Simonsen v. Town ofDerry, 145 N.H. 382, 384, 765 A.2d 1033, 1035 (2000):
 "Ordinarily, however, the verification does not `constitute a part of the pleading itself but, rather, goes to the form of the pleading.' [Federated Mortgage and Inv. Co. v. Jones, 798 S.W.2d 719, 721 (Mo. 1990)]; see also In re Interest of L.D., 224 Neb. 249, 398 N.W.2d 91, 98 (1986). See generally 61B Am.Jur.2d Pleading § 888 (1999). Accordingly, other jurisdictions liberally permit an improperly verified pleading to be amended, even beyond the jurisdictional time frame within which to file the pleading. See, e.g., Drury Displays v. Board of Adjustment, 760 S.W.2d 112, 114
(Mo. 1988) (en banc); In re Estate of Shaffer, 203 Kan. 264, 454 P.2d 1, 4-6 (1969); People v. Miller, 282 N.Y. 5, 24 N.E.2d 722, 723-24 (1939)."
In light of the civil nature of Rule 32 and in the absence of a controlling rule of criminal procedure, we find the general rule applicable to civil pleadings persuasive with respect to our inquiry into the Supreme Court's intent in requiring verification of a Rule 32 petition.
In addition, although our research indicates that the majority of states have not directly addressed the issue in the specific context of a postconviction petition, we did discover several decisions from other states specifically holding that lack of verification is not considered sufficient to deny a court subject-matter jurisdiction over a postconviction petition. SeeMiles v. State, 120 Nev. 383, 91 P.3d 588 (2004) (holding that under Nevada's postconviction statutory scheme, lack of proper verification is not a jurisdictional defect), and Ex parteGolden, 991 S.W.2d 859 (Tex.Crim.App. 1999) (holding that an unverified petition for a writ of habeas corpus was not jurisdictionally barred from review). In Brown v. State,458 N.E.2d 245 (Ind.Ct.App. 1983), the Indiana Court of Appeals stated:
 "Brown did not verify the petition for post-conviction relief. It was signed by counsel on his behalf. So the State points to PCR 1, § 3 which provides that,
 "`The petition shall be made under oath and the petitioner shall verify the correctness of the petition, the authenticity of all documents and exhibits attached to the petition, and the fact that he has included every ground for relief under Sec. 1 known to the petitioner.'
 "(Emphasis supplied). For the first time on appeal the State urges that the rule requires personal verification by the petitioner; therefore, the argument follows that, because Brown's petition was signed and verified not by Brown, but by his attorney, the petition should be dismissed for want of jurisdiction.
 "We are aware of language in Thompson v. State, (1979) 270 Ind. 677, *Page 153 389 N.E.2d 274, suggesting that verification is necessary before a trial court gains jurisdiction over a post-conviction relief petition. We are also cognizant of the decisions in Shelor v. State, (1979) 270 Ind. 454, 386 N.E.2d 690, and Owen v. State, (1975) 167 Ind.App. 258, 338 N.E.2d 715, trans. denied, which indicate a trial court should not reach the merits of an unverified post-conviction petition. But those cases have never squarely addressed the question of whether verification is necessary to confer subject-matter jurisdiction, which can never be waived or consented to, or jurisdiction of the particular case, which must be raised at the earliest possible opportunity. Some guidance is given in language from Shelor, supra, and Owen, supra. Both cases required trial courts faced with unverified petitions to return the petition for verification. Such procedure suggests particular case jurisdiction, rather than subject-matter jurisdiction, is involved; i.e., the trial court is not powerless to act, but should, upon discovering the defect, have it remedied prior to deciding the particular case.
 "Furthermore, we must recognize the time-honored principle that a statutory requirement of verification of pleadings is not jurisdictional. General case law is that want of verification is waived if an objection is not presented at the earliest possible opportunity. Prebster v. Henderson, (1916) 186 Ind. 21, 113 N.E. 241; Faylor v. Fehler, (1914) 181 Ind. 441, 104 N.E. 22; Strebin v. Lavengood, (1904) 163 Ind. 478, 71 N.E. 494; In re Estate of Gerth, (1972) 152 Ind.App. 273, 283 N.E.2d 578; Workman v. Workman, (1943) 113 Ind.App. 245, 46 N.E.2d 718, trans. denied. See also Hendricks v. State, (1981) Ind., 426 N.E.2d 367
(defendant did not object until after testimony by victims that supported the unverified petition alleging delinquency; thus, technical error on the State's part did not prejudice the substantial rights of the defendant). We believe this general rule is applicable to the facts of this case. The State did not raise lack of verification in the trial court; therefore, we deem the issue waived."
458 N.E.2d at 248-49 (footnotes omitted).
Based on the considerations above, we conclude that proper verification of a Rule 32 petition, although required by Rule 32.6(a), was not intended to be a jurisdictional prerequisite to the filing of the petition. Instead, the verification requirement is more appropriately a matter of form, the omission or inadequacy of which amounts to an irregularity that is subject to cure by a proper and timely amendment, and may be waived by the State if not properly raised. This construction, we think, is consistent with this Court's relation-back doctrine — the timely filing of a Rule 32 petition that is not in the proper form tolls the limitations period of Rule 32.2(c) so that an "amended petition" relates back to the date of the filing of the original petition, provided the amended petition is filed within a reasonable time. It is also consistent with Rule 1.2, Ala. R.Crim. P., in that it gives effect to the verification requirement in Rule 32 by allowing the State, which has the primary interest in ensuring the good faith of the averments and in preserving its ability to pursue a perjury prosecution if warranted, to enforce that requirement by making a timely objection to the petition, but also vesting the circuit court with the authority to take notice of a defective verification and order on its own that a petition be amended to provide proper verification. At the same time, this construction avoids the unnecessary delay and expense of dismissing what we have noticed are an increasing number of appeals from rulings on Rule 32 petitions that are not properly verified, by giving *Page 154 
legal effect to the circuit court's ruling on a petition even though the petition is not in compliance with the verification requirement.
In our view, permitting a verification defect to be cured by amendment without requiring the dismissal of the petition for lack of jurisdiction serves to promote the primary policy objectives underlying the verification requirement — ensuring that the averments in the petition are based on merit and truth and protecting against the filing of frivolous petitions — without sacrificing judicial economy. Therefore, we hold that proper verification of a Rule 32 petition, although required by Rule 32.6(a), is not a jurisdictional prerequisite to the filing of the petition and, accordingly, that the lack of proper verification does not deprive the circuit court of subject-matter jurisdiction of a Rule 32 petition. Although we understand the importance of adhering to the doctrine of stare decisis, we cannot continue to blindly follow decisions that we are now convinced were wrong, at least in part, when decided. See, e.g.,Ex parte State Farm Fire Cas. Co., 764 So.2d 543 (Ala. 2000) (discussing the doctrine of stare decisis). Therefore, to the extent that Kelley, Coleman, and Thornton are inconsistent with this holding, those cases are hereby overruled.
In this particular case, the State did not object in the circuit court to the lack of proper verification of Smith's petition; thus, we deem the issue of verification to be waived for purposes of this appeal.
 II.
Having determined that the circuit court had jurisdiction to rule on Smith's petition and, thus, that this appeal is properly before this Court, we now turn to the claim in Smith's petition.
Smith contends that he is entitled to be resentenced because, he says, he was not provided with a copy of the presentence report before he was sentenced as required by Rule 26.3(c), Ala.R.Crim.P. Smith claims that the presentence report constitutes newly discovered evidence. However, Smith failed to plead sufficient facts as required by Rule 32.3 and Rule 32.6(b), Ala.R.Crim.P., tending to indicate that the report falls within the stringent definition of newly discovered evidence in Rule 32.1(e), Ala.R.Crim.P. Thus, summary denial of his petition was proper.
Based on the foregoing, the judgment of the circuit court is affirmed.
AFFIRMED.
McMILLAN, P.J., concurs; BASCHAB, J., concurs in result, with opinion, which COBB, J., joins; WISE, J., concurs in result.
[1] By allowing each petitioner the opportunity to file another petition without suffering any adverse statute-of-limitations consequences caused by the delay in filing, the petitioners inThornton, Coleman, and Kelley were not prejudiced as a result of what we now believe was our erroneous interpretation of the verification requirement in Rule 32.6(a).
[2] Although the verification issue has not been argued in this case, we note that, in another case currently before this Court,Marquette v. State (No. CR-04-0062), the State has taken the position that verification of a Rule 32 petition is jurisdictional and that we should adhere to our holding inKelley, Coleman, and Thornton.
[3] Rule 32.4 specifically provides that "[p]roceedings under this rule shall be governed by the Rules of Criminal Procedure."
[4] We note here that petitions for the writ of habeas corpus, see discussion supra, are considered civil actions for procedural purposes. See Carpenter v. State, 782 So.2d 848 (Ala.Crim.App. 2000), and Rule 81, Ala.R.Civ.P.