BASCHAB, Presiding Judge,
concurring specially.
I concur with the majority’s decision in the unpublished memorandum in this case. However, I am compelled to write specially to address the Alabama Supreme Court’s holding in this case that, “[bjecause the preclusive bars of Rule 32.2(a) are nonju-risdictional in nature, the Court of Criminal Appeals may not raise them sua sponte, except in extraordinary circumstances, and such circumstances are not present here.” 55 So.3d 348, 356 (Ala.2007).
I question the supreme court’s reliance on the concept of “jurisdiction” to reach its decision. I first suggested that the Alabama appellate courts were overusing the terms “jurisdiction” and “jurisdictional” in Smith v. State, 918 So.2d 141, 155 (Ala.Crim.App.2005) (Baschab, J., concurring in the result), stating:
“It appears that this court and the Alabama Supreme Court have used the terms ‘jurisdiction’ and ‘jurisdictional’ as umbrella terms that encompass the concepts of subject matter jurisdiction and personal jurisdiction.[6] As a result, the distinction between subject matter jurisdiction and personal jurisdiction has been blurred, and both circuit and appellate courts are confused as to the definition and scope of both concepts.
In recent opinions, the supreme court has attempted to limit the use of those terms. See e.g., Ex parte Gunn, 993 So.2d 433 (Ala.2007); Ex parte Ward, 46 So.3d 888 (Ala.2007); Ex parte Seymour, 946 So.2d 536 (Ala.2006). However, in its efforts to narrow the scope of the term “jurisdictional,” the court has failed to recognize years of precedent and created a procedural quagmire.
I certainly agree that Alabama appellate courts need to be more circumspect when using the terms “jurisdiction” and “jurisdictional.” Nevertheless, I do not believe it was necessary for the supreme court to address the concept of jurisdiction when interpreting Rule 32.2(a), Ala. R.Crim. P. In this case, the supreme court went to great pains to justify the following statement: “If we were to read Rule 32.2 as a limitation upon the jurisdiction of the circuit court to grant relief in instances where preclusion is available as a defense, thereby enabling an appellate court to invoke the defense sua sponte, we will have construed a rule of procedure in a manner contrary to the authority conferred upon this Court by the Alabama Constitution.” 55 So.3d at 354. However, Rule 32, Ala. R.Crim. P., is a creation of the Alabama Supreme Court rather than the legislature. Thus, as I pointed out in Smith, the court could have simply concluded that the Rule means that neither a circuit court nor an appellate court has the “authority,” pursuant to that Rule, to grant relief on a claim that is clearly precluded by that Rule.
*362 The supreme court’s opinion in this case creates more questions than it answers. It ignores those situations in which a circuit court rules on a petition without requiring a response from the State. It indicates that an appellate court may sua sponte apply the procedural bars in Rule 32.2(a), Ala. R.Crim. P., in extraordinary circumstances, but it does not clearly define what those extraordinary circumstances might be. The decision will very likely open the floodgates to baseless petitions by petitioners who hope they can slip through a procedural crack and get an obviously barred claim heard on the merits. Finally, it could have the effect of creating inequities between or among inmates because one district attorney pleads a bar and another does not.
Surely, this was not the intent of either the members of the Alabama Supreme Court when the Rules were drafted or the members of the current Alabama Supreme Court. Therefore, I write specially to urge that court to revisit its decision in this case.

“6 It also appears that the courts have sometimes used these terms when the more appropriate term would be ‘authority.’ ”